**Belle Isaacs, Plaintiff-Appellant, v. The Shoreland Hotel, Defendant-Appellee.**

**Gen. No. 48,813.**

First District, First Division.

March 11, 1963.

David C. Ruttenberg, William C. Wines, and Allen S. Gerrard, of Chicago, for appellant.

Rudnick & Wolfe, Berchem, Schwantes & Thuma (Jerome L. Fels, Donald N. Berchem, and Robert L. Kiesler, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, Belle Isaacs, appeals from an order quashing service of summons and vacating a default judgment in her favor for $25,000. Defendant's petition to vacate, under section 72 of the Civil Practice Act, was filed within two months after judgment.

Plaintiff filed her complaint on July 17, 1961, seeking damages for personal injuries allegedly sustained while present on defendant's premises for the purpose of voting in the November 8, 1960, general election. On July 31, 1961, summons was returned by the sheriff showing that service on the defendant partnership had been obtained "by leaving a copy [of the writ] with Miss Reed an agent/officer" of defendant. Defendant neither appeared nor answered. On September 6, 1961, an order of default was entered on plaintiff's motion, and on September 22, 1961, after an ex parte hearing, the court found defendant guilty, assessed plaintiff's damages at $25,000, and entered judgment in her favor for that amount.

On October 23, 1961 (31 days after entry of the default judgment), plaintiff's attorneys wrote to de-

fendant and its insurer seeking satisfaction of the $25,000 judgment, and on November 15, 1961, defendant filed its petition to vacate the judgment, on the ground that defendant had never been served with summons. Plaintiff answered the petition. After considering affidavits, testimony of witnesses, and arguments of counsel, the same trial judge who entered the default judgment quashed the service of summons and vacated the judgment, and also ordered that defendant's petition to vacate stand as its appearance and directed it to answer the complaint. Plaintiff appeals.

The only question presented is whether valid service of summons was obtained on defendant. It is accepted in Illinois that "where a defendant has not been served with process, the court has no jurisdiction to enter a judgment against him." Janove v. Bacon, 6 Ill2d 245, 249, 128 NE2d 706 (1955).

Although it was the rule under a former version of section 72 that a sheriff's return could not be contradicted, in a suit at law, by matters de hors the record (Chapman v. North American Life Ins. Co., 292 Ill 179, 126 NE 732 (1920); Marabia v. Mary Thompson Hospital, 309 Ill 147, 140 NE 836 (1923)), since the recent case of Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350 (1952), and its codification in the 1955 revision of section 72, a petition under section 72 is addressed to the equitable powers of a court and is appropriate to question service of summons, and the sheriff's return may be contradicted by facts not before the court in the original case. Lichter v. Scher, 4 Ill App2d 37, 123 NE2d 161 (1955); Pyle v. Groth, 15 Ill App2d 361, 146 NE2d 219 (1957); Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829 (1960).

However, in Illinois the sheriff's return is prima facie proof of service and can be overcome

110

only by clear and convincing proof (Marnik v. Cusack, 317 Ill 362, 364, 148 NE 42 (1925)), since "a sound public policy, the security of litigants and the stability of legal proceedings demand that the return of the sworn officer shall not be set aside or impeached except upon satisfactory evidence. Every presumption in favor of the return is indulged, and it will not be set aside upon the uncorroborated testimony of the party upon whom service purports to have been made." Kochman v. O'Neill, 202 Ill 110, 112, 66 NE 1047 (1903).

The question thus resolves itself to whether the trial court's decision that no service was had upon defendant is supported by clear and convincing evidence in the record.

Pursuant to paragraph (2) of section 72, defendant's petition was supported by affidavits "as to matters not of record" in the default proceeding. Among these affidavits were those of the six women who comprised all female employees of defendant whose duties required or justified their presence on the main floor of the hotel on July 31, 1961. Each such affiant averred that "neither on July 31 or at any other time in the year 1961 was she served with any summons or other legal paper"; that "she denies any conversation with anyone about such a summons on or about July 31, 1961"; and that she has never "been known by the names Miss Reed or Mrs. Reed and denies that she ever told anyone that such was her name." Defendant's petition was also supported by the affidavits of the two partners, and of the hotel manager and the hotel auditor. Each of said affiants denied service of the summons upon himself or receipt of the summons from any other person.

The hotel auditor, Mr. Ward A. Reed, stated in his affidavit that his duties included acceptance of summons and forwarding of the same to the defendant's

111

various insurers; he further stated that none of the female employees working on the main floor of the hotel on July 31, 1961 (among whom was his own secretary) "ever informed me of the existence of the . . . summons, or of its receipt or of having seen said summons or a deputy sheriff serving said summons." Defendant's additional affidavits in support of his petition to vacate set forth facts which, if accepted by a trier of fact, would constitute a good defense to plaintiff's personal injury action.

Plaintiff's answer to defendant's petition denied that defendant was never served, and relied for this conclusion upon the affidavit of Deputy Sheriff Erdis J. Jimerson. In addition, plaintiff's answer stated that "she has no knowledge of the facts set forth in the affidavits of the defendants and/or their agents, but demands strict proof thereof."

In substance, the affidavit of Deputy Sheriff Jimerson states as follows: that he originally received the summons during the week of July 16, 1961; that he "appeared at The Shoreland Hotel . . . and presented himself at the main desk," where he "asked one of the employees if he could accept service of the summons, and was advised by him to take the same around the corner to Mr. Reed's office"; that Jimerson "was directed to Mr. Reed's office," but when he "presented himself there, the office was closed"; that almost immediately adjacent to Mr. Reed's office was the switchboard office, where Jimerson "asked the two switchboard operators if they would accept service for Mr. Reed, but he was informed by them that they could not do so." Jimerson further stated that "he again presented himself at Mr. Reed's office a few days thereafter, and again found that Mr. Reed was not present; however, he asked a woman employee who was sitting at a typewriter desk in Mr. Reed's office, if she would accept

112

service, but she advised him that she could not accept service for Mr. Reed and that [he should] come back another time." The affidavit states that in the afternoon of July 31, 1961, Jimerson again appeared at the Shoreland Hotel "for the purpose of serving" the complaint upon "Mr. Reed"; that upon going to Reed's office, he "was again met by the same woman employee working in [Reed's] office and was again advised by her that Mr. Reed was not in"; that Jimerson "again asked her if she would accept the summons and again she refused," but that this time Jimerson "refused to leave without leaving the summons and complaint-at-law, so [he] presented the same to her with instructions that she should turn it over to Mr. Reed, and then [he] left." Jimerson stated that "a few days later, he again presented himself at Mr. Reed's office and again found the same woman employee at the same desk," where he said to her, "'What did you do with the summons,' and she said 'I gave it to Mr. Reed.' This employee refused to give [Jimerson] her name."

When called by plaintiff as a witness during the hearing on defendant's petition, Jimerson repeated the facts set forth in his affidavit, adding only (1) that his visits to the hotel were between 12:30 and 2:00 in the afternoon, and (2) that he never asked the people at the front desk the name of the woman to whom he gave the summons, and whom he identified as "Miss Reed" in his return.

■ ■ In seeking reversal of the trial court's order, plaintiff relies upon the argument that "defendant's affidavits cannot be considered" because they were not supported by oral testimony, with right of cross-examination at the hearing on the petition to vacate. Since Deputy Sheriff Jimerson testified in court, plaintiff argues that only his testimony may be considered and that, therefore, the only evidence before

113

the trial court conclusively proved service upon defendant.

Plaintiff cites no direct authority for this contention. Section 72(2) of the Civil Practice Act provides that "The petition must be supported by affidavit *or* other appropriate showing as to matters not of record." (Emphasis supplied.) Further, section 69, paragraph (2), of the Civil Practice Act states that "if evidence is necessary concerning any fact which according to law and the practice of the court may now be supplied by affidavit, the court may, in its discretion, require the evidence to be presented, wholly or in part, by oral examination of the witnesses in open court . . . ."

The instant record indicates that the trial court's only interest with respect to the witnesses called by plaintiff was to establish that they had nothing to add to the material already set forth in their respective affidavits. It is apparent that neither the affidavit nor the testimony of Jimerson controverts any of the affidavits submitted on behalf of defendant; in essence, Jimerson testified only that he "served" a woman who had several times informed him of her lack of authority to accept service, whose identity was completely unknown to him, whose connection with defendant, if any, was unknown to him, and whom he identified on his sworn return as "Miss Reed." Under such circumstances, there was no necessity for requiring defendant's affiants to testify and orally repeat the substance of their uncontroverted affidavits and to submit to cross-examination. Also, the record shows that at no time did plaintiff's attorneys request the trial court to exercise its discretion by requiring oral examination of witnesses.

We believe that defendant sustained its burden of proving lack of service by clear and convincing evi-

dence. Deputy Jimerson himself contradicted his sworn return. It is clear that when he identified the person served as "Miss Reed," he had no idea what her name was, and had made no effort to find out her name from anyone, except her. Cf. Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 352–353, 169 NE2d 829 (1960). Defendant's affidavits eliminated from consideration the only female employees of the hotel who were working on the main floor on the day that service was purportedly obtained.

Even assuming arguendo that the person purportedly served was some female employee of defendant, it does not follow that her presence before a typewriter in the hotel auditor's office was enough to imply agency for receipt of service of summons, since Jimerson's own testimony establishes that he was told several times that she could not accept service. Finally, we may note that plaintiff does not contend that Jimerson's instructions to the woman to "turn [the summons] over to Mr. Reed" could in any way constitute the woman a proper person to serve Reed. Illinois statutes do not permit "deputization by deputy." See Ill Rev Stats, c 110, § 13.1; Ill Rev Stats, c 125, §§ 7–10.

We find it unnecessary to consider plaintiff's contention that one of her attorneys "gave the case number" of the instant suit to an adjuster for defendant's insurance carrier, during the course of a telephone conversation. The Civil Practice Act does not provide that notice of suit to an insurer is service of process on the insured. ". . . The rule that equity will not relieve one against the neglect of a party who has not made a proper defense or moved for a new trial presupposes that he *knowingly* had a day in court. Owens v. Ranstead, 22 Ill 161, 162 (1859)." Lichter v. Scher, 4 Ill App2d 37, 42, 123 NE2d 161 (1955).

For the reasons indicated, the trial court's order quashing service of summons and vacating the default judgment is affirmed, and the cause is remanded for further proceedings as directed by the trial court.

Order affirmed and cause remanded.

BURMAN, P. J. and ENGLISH, J., concur.