MERCANTILE ALL-IN-ONE LOANS, INC., Plaintiff-Appellant, *v.* ALBERT MENNA *et al.*, Defendants-Petitioners-Appellees.—(FRANK SKACH *et al.*, Respondents-Appellants.)

First District (2nd Division)   No. 77-583

Opinion filed August 22, 1978.

Philip S. Aimen, of Chicago, for appellant Mercantile All-In-One Loans, Inc.

Stanley M. Cahn and Clarence Graves, both of Chicago, for appellants Frank Skach *et al.*

Sneider and Troy, of Chicago (Richard J. Troy, of counsel), for appellees Albert Menna *et al.*

Mr. JUSTICE DOWNING delivered the opinion of the court:

This is an appeal pursuant to Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(b)(3)) from the vacating of a decree of foreclosure and sale under the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The issues presented on appeal are: (1) whether the court erred in finding the affidavit for service by publication defective on its face, thus depriving the court of jurisdiction over the defendants and rendering the decree of foreclosure and sale void; (2) whether the court erred in ordering the sale to third party purchasers vacated and set aside; and (3) whether the court erred in its denial of a motion for an evidentiary hearing on the factual issues raised by the pleadings.

On July 3, 1974, Mercantile All-In-One Loans, Inc. (hereinafter plaintiff) filed suit in the circuit court of Cook County to foreclose a second mortgage and sell certain property in Glenview, Illinois, naming Albert and Ann Menna (hereinafter defendants) as defendants.[1]

Summons was issued on July 5, 1974, and was placed with the sheriff of Cook County for service on July 8, 1974.

On July 19, 1974, the summons was returned, stamped "not found," and noted as follows:

"Unable to contact after several attempts—Will not answer the door—2 cars in drive—73 Buick Electra G54671 and 73 or 74 Pont G54670."

On July 31, 1974, an affidavit for service by publication was filed. This affidavit was executed by plaintiff's attorney and was notarized on July 8, 1974. The words "Unknown Owners" were printed in black ink and the affidavit was signed in black ink by plaintiff's attorney. All other writing on the affidavit was in blue ink and recited that upon diligent inquiry, the place of residence of defendants, Albert and Ann Menna, could not be ascertained. It listed their last known place of residence as 1912 Robin Crest Lane, Glenview, Illinois.

On August 14, 1974, a copy of the publication notice as it appeared in the Chicago Daily Law Bulletin on August 5, August 12, and August 19, 1974, was mailed by the clerk of the circuit court of Cook County to

---

[1] The record indicates that on March 26, 1969, defendants were indebted to plaintiff in the amount of $7,745.40. Defendants executed a promissory note payable to plaintiff which provided that defendants would make monthly installment payments of $129.04 until the entire sum was paid. The final payment was due on March 26, 1974. In order to secure this promissory note, the defendants executed a trust deed registered as Document No. 2441906 and recorded in the office of the registrar of titles of Cook County on March 27, 1969, conveying the subject property to plaintiff and to Alan R. Edelson, as trustee. On March 26, 1974, the maturity date, plaintiff alleged that defendants had failed to pay $3,108.02.

defendants, and the clerk's certificate of mailing this notice to defendants was filed with the court. This notice was never returned by the United States Post Office.

Upon failure of defendants to appear or plead, an order of default was entered on September 11, 1974. On the same date, the trial court entered a decree of foreclosure wherein it found the defendants were served by publication notice in a manner and form as required by law, that the court had jurisdiction of the subject matter and of the parties, and that the total amount due plaintiff was $4,914.12.

Pursuant to the decree, a sheriff's sale was held on October 15, 1974, at which Frank Skach and Paul B. Javaras (hereinafter respondents) purchased the subject property for $5,112. Notice of this sale had been published in the Chicago Daily Law Bulletin. The sheriff's report of sale and distribution was approved by the court on October 16, 1974.

No redemption having been made within the time prescribed in the foreclosure decree, a sheriff's deed to the property was issued to respondents. Subsequently, on October 14, 1975, the registrar of titles of Cook County issued an owner's duplicate certificate of title to respondents.

On November 17, 1975, defendants filed a petition to vacate the decree of foreclosure and sale pursuant to section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) Both plaintiff and respondents filed motions to dismiss.

On March 24, 1976, defendants filed an amended section 72 petition which alleged that they had no knowledge of the foreclosure proceedings until October 27, 1975, when they received a notice of respondents' petition for a writ of assistance; that plaintiff attempted personal service on defendants only once on July 19, 1974, which showed a lack of due diligence; that at the time the decree was entered, defendant Albert Menna was under a mental disability which was unknown to the court but was known or should have been known to plaintiff since some of the payments on the note came from a disability insurance policy; that plaintiff tried to hide the foreclosure proceedings from defendants by failing to join or inform First Federal Savings and Loan Association, the holder of the first mortgage, of the proceedings, and by failing to inform defendants of the proceeding when plaintiff talked to defendant Ann Menna on the telephone in May 1974; that it was unknown to the court that defendants' equity in the subject property was in excess of $50,000, and thus the sale to respondents for $5,112 was grossly inadequate; and that defendants had tendered respondents the amount they had paid plus interest.[2]

---

[2] This petition was supported by affidavits of defendant, Ann Menna, and her daughter, Cindy Menna, in which it was alleged that the face amount of the note was $7,745.40; that in May 1974, defendant had paid plaintiff $7,712.71; that additional payments from a disability benefit insurance policy should have been credited to that debt; that defendant contacted

On April 14, 1976, respondents filed a motion to dismiss defendants' amended petition relying on section 72(5) which protects the rights of third-party purchasers, not parties to the original action, who purchased property in reliance upon a court decree unless a lack of jurisdiction affirmatively appears from the record proper. Ill. Rev. Stat. 1975, ch. 110, par. 72(5).

On April 26, 1976, plaintiff also filed a motion to dismiss defendants' petition alleging that due diligence was exercised in attempting to personally serve defendants; a notice of the foreclosure proceedings was mailed to defendants prior to the entry of the decree; that defendants hired an attorney in May 1974, after they learned or should have learned of the proceedings; and that defendants' tender of the purchase price plus interest to respondents contradicted defendants' own allegations that they had made the payments due plaintiff.

In a supplemental memorandum filed by defendants on July 2, 1976, defendants alleged that the court lacked jurisdiction to enter the foreclosure decree since the affidavit made by plaintiff for service by publication was false in that it was sworn to on July 8, 1974, the same date the summons was issued, but at a time when service had not yet been attempted.

On July 9, 1976, respondents filed a reply memorandum alleging that the affidavit was not falsely sworn since the affidavit was not filed until July 31, 1974, a time subsequent to the return of the summons and after diligent inquiry had been made. Therefore, on the date the affidavit was filed, it spoke the truth. Respondents further alleged that the improper date of July 8, 1974, appearing on the affidavit was a ministerial defect which does not affect the jurisdiction of the parties and subject matter, especially insofar as a third party is involved who purchased the property after the decree of foreclosure was entered with its finding of jurisdiction over defendants.

On July 13, 1976, the Honorable Walter P. Dahl orally granted defendants' section 72 petition to vacate the decree of foreclosure and sale. The trial court stated that under section 72(5) there was a very narrow basis upon which he could vacate the decree when there has been a sale to a bona fide purchaser, and that the only basis on which he could do anything was if a jurisdictional error appeared on the face of the

---

plaintiff several times in May 1974 asking the exact balance due on the note, but plaintiff refused to advise her; that also in May 1974, defendants, along with their daughter, Cindy Menna, retained an attorney for the purpose of settling the note due plaintiff and for clearing title to the subject property; that prior to July 1974 (the time when the complaint was filed and personal service attempted), defendant Albert Menna, as a result of a mental disability, had moved out of his home and was living at a location unknown to affiant until his hospital confinement on November 6, 1974, and he was not released until November 29, 1974; that affiant was never personally served with summons and never received any notice of publication in the mail.

record. The trial court found that a jurisdictional error did exist and gave the following reason:

"The sheriff, as an officer of the court, has to make and attempt to procure service. It is only after some inquiry like that is made by an officer that you can then say on the face of the record, there has been diligent inquiry made; there has been an attempt to make service; and we cannot find the defendant. Then you publish. * * * I say on the face of this record, it is clear that anybody looking at it could have said, 'Well, there was no attempt to make any service of summons on these people here. There was an affidavit filed before the summons was issued."

The trial court went on to state the following:

"There is really no question that the law is clear that the Appellate Courts of our State have to an extreme degree protect [sic] the rights of third-party purchasers at judicial sales, but the facts in this case are pretty clear—that the third party purchasers in this sale can in no way be injured."

On February 10, 1977, plaintiff, having been granted leave by the trial court, filed newly discovered evidence which consisted of an affidavit by an employee of Chicago Law Bulletin Company, who stated that at the time plaintiff's attorney first delivered his affidavit, only the words "Unknown Owners," plaintiff's attorney's signature, the seal of notary public, and the date of July 8, 1974, appeared on the affidavit. Then on July 31, 1974, plaintiff's attorney instructed affiant to insert defendants' names and address on the affidavit. Plaintiff's attorney then filed this affidavit on July 31, 1974, with the clerk of the circuit court of Cook County. Plaintiff's attorney admitted that he should have reaffirmed or had the affidavit renotarized. At the time of this hearing, the case had been reassigned to the Honorable Raymond K. Berg, who denied respondents' motion for reconsideration and adopted Judge Dahl's oral ruling of July 13, 1976.

The record indicated that prior to this time, on April 28, 1975, the chancery division of the circuit court of Cook County issued an announcement to all lawyers handling mortgage foreclosures concerning the signing of affidavits for publication before they have attempted to serve defendants, and warned that such a practice was perjury.

On February 25, 1977, the trial court granted respondents' motion to file their answer to defendants' amended petition, but denied a motion requesting the court to set a date for an evidentiary hearing. Respondents' answer asserted the following affirmative defenses: that defendant had actual knowledge of the foreclosure proceedings, since notice of the publication was sent to defendant and was never returned by the United States Post Office; that on or about July 19, 1974, defendants had retained an attorney to transfer title in the subject property to their daughter, Cindy Menna; that this attorney received the owner's duplicate certificate of title

which bore the memorial registered on July 8, 1974, of the lis pendens notice as to the foreclosure proceeding; and that this notice was imputed to defendants which estopped them from alleging a defect in the affidavit, since defendants took no action until almost a year after the sheriff's sale and registration of title in respondents.

On this same date, the court ordered that the decrees of default and foreclosure and sale be vacated and declared void; that the sheriff's sale and the decree approving the sale be set aside; that respondents' motion for reconsideration be denied; and respondents were ordered to deliver to the registrar of titles their owner's duplicate certificate of title for cancellation.

On March 11, 1977, respondents made a motion to file instanter an amendment to their answer to defendants' amended petition. In this amended answer, respondents raised another affirmative defense stating that defendants conveyed the subject property to Cindy Menna by quitclaim deed dated May 1, 1974, and registered it with the registrar on July 19, 1974. Therefore, only Cindy Menna had standing to defeat title in respondents, and she also had constructive knowledge of the mortgage foreclosure proceedings from the lis pendens notice registered as a memorial July 8, 1974.

In view of this question of standing, respondents also sought a rehearing of the February 25, 1977 order. This motion was denied in all respects. Both plaintiff and respondents appeal from the orders entered on February 25, 1977 and March 11, 1977.

I.

■■ Section 14 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 14) provides that when a plaintiff desires service on a defendant by publication, he or his attorney shall file at the office of the clerk of the court in which his action is pending, an affidavit showing that defendant resides in, or has gone out of, the State, or on due inquiry cannot be found or is concealed within the State, so that process cannot be served upon him, and shall state in the affidavit the place of residence of defendant if known, or that on diligent inquiry his place of residence cannot be ascertained. The affidavit is jurisdictional and must conform to the statutory requirements. *Correll v. Greider* (1910), 245 Ill. 378, 380, 92 N.E. 266; *Lakin v. Wood* (1951), 343 Ill. App. 372, 375, 99 N.E.2d 401.

■■ After examining the provisions of section 14, the third district of this court, in *Markham v. Markham* (3d Dist. 1977), 50 Ill. App. 3d 1061, 1064, 365 N.E.2d 308, found the following statutory requirements must be met in order to obtain service by publication:

"(1) Affidavit executed and filed by either the plaintiff or his attorney;

(2) Due inquiry made as to the defendant's residence;

(3) Publication made, and;

(4) Notice sent to the defendant's last known address."

■■ Service of process on a defendant is a prerequisite to the court's jurisdiction to enter the judgment against him. (*Stone & Adler, Inc. v. Cooper* (1st Dist. 1974), 20 Ill. App. 3d 576, 577-78, 315 N.E.2d 56; *Isaacs v. Shoreland Hotel* (1st Dist. 1963), 40 Ill. App. 2d 108, 110, 188 N.E.2d 776.) Where service of process is not carried out in the manner provided by law, it is invalid. In such an instance, no jurisdiction over the person of the defendant is acquired, and a default judgment rendered against the defendant is void. *Escue v. Nichols* (4th Dist. 1948), 335 Ill. App. 244, 81 N.E.2d 652; *Gocheff v. Breeding* (5th Dist. 1977), 53 Ill. App. 3d 608, 368 N.E.2d 982.

In the instant case, the trial court found the default judgment entered against defendants was void upon jurisdictional grounds due to an error which the court found affirmatively appeared on the face of the record.

■■ However, this action was brought pursuant to section 72 of the Civil Practice Act. The purpose of a section 72 petition is to bring before the court facts not appearing on the record which if known to the court at the time judgment was entered would have prevented its rendition. (*Danforth v. Checker Taxi Co.* (1st Dist. 1969), 114 Ill. App. 2d 471, 475, 253 N.E.2d 114.) It is for this reason the courts have consistently held that the petition must affirmatively set forth facts showing the existence of a meritorious defense, and the exercise of due diligence on the part of the petitioner in presenting both a defense to the lawsuit and the section 72 petition. (*David Plywood & Lumber Co. v. Sloan* (1st Dist. 1977), 52 Ill. App. 3d 71, 75, 367 N.E.2d 101; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Hall v. Hall* (1st Dist. 1973), 15 Ill. App. 3d 599, 602, 304 N.E.2d 763.) The proceeding cannot be used to relieve a party from the consequences of his own negligence. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) Whether or not litigants are entitled to relief under section 72 depends on all the circumstances attendant on the entry of the default judgment. *Riley v. Unknown Owners* (1st Dist. 1972), 6 Ill. App. 3d 864, 866, 286 N.E.2d 806.

In the present case, defendants stated in an affidavit supporting their petition filed on November 17, 1975, that they had no knowledge of the foreclosure proceedings until October 27, 1975, when they received a notice of respondents' petition for a writ of assistance; but defendants deny ever receiving a notice of publication.

Respondents, in their answer, state that several attempts were made to personally serve defendants on July 19, 1974, but no one answered the door, although two cars were in the driveway. Subsequently, a copy of the notice of publication was mailed to defendants by the clerk of the circuit court of Cook County. This notice was never returned by the

United States Post Office. Respondents also alleged that defendants conveyed the subject property through an attorney to their daughter by quitclaim deed which both defendants signed on May 1, 1974. This deed was registered, at which time defendants' attorney allegedly received an owner's duplicate certificate of title bearing a memorial which listed the lis pendens of the foreclosure proceedings.

Respondents, relying upon section 72(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72(5)), contend that their title to the subject property cannot be disturbed unless an error affirmatively appears on the face of the record proper. The words "record proper" were defined by the supreme court in *Cullen v. Stevens* (1944), 389 Ill. 35, 42, 58 N.E.2d 456, as the " * * * pleadings, process, verdict of the jury and judgment or decree of the court." (*Cf. Collins v. Collins* (1958), 14 Ill. 2d 178, 183, 151 N.E.2d 813.) According to Supreme Court Rule 321 (Ill. Rev. Stat. 1975, ch. 110A, par. 321), "[t]he trial court record includes any report of proceedings and every other document filed and judgment and order entered in the cause."

In the present case, Judge Dahl entered the decree of foreclosure and sale, and then later vacated this decree. At both times the same affidavit for publication was included in the record.

■■ It has been repeatedly held that where the central facts of a section 72 petition are controverted, a full and orderly evidentiary hearing must be held by the court. (*McKinnon v. Yellow Cab Co.* (1st Dist. 1975), 31 Ill. App. 3d 316, 317-18, 333 N.E.2d 659; *Wilson v. Wilson* (2d Dist. 1965), 56 Ill. App. 2d 187, 195, 205 N.E.2d 636; *In re Estate of Zeno* (1st Dist. 1972), 4 Ill. App. 3d 137, 280 N.E.2d 504; *In re Application of County Treasurer* (1st Dist. 1975), 30 Ill. App. 3d 235, 332 N.E.2d 557.) We find that respondents have alleged sufficient facts placing in issue the basic allegations of the defendants' petition.

■■ The record indicates that a hearing was held on July 13, 1976, where only arguments of counsel were heard. However, at that hearing, the trial court stated that in view of its finding, the arguments of counsel were irrelevant and not considered. It is evident that this hearing did not satisfy the requirements that it be of an evidentiary nature, involving the examination of witnesses, under oath and subject to cross-examination. *McKinnon v. Yellow Cab Co.; Wilson v. Wilson; In re Estate of Zeno.*

While not expressing any view on the merits of this case, we reverse and remand this cause for a full and proper hearing and for such further proceedings as may be necessary. Upon reaching this conclusion, it is unnecessary for us to address the other issues raised by the parties.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.