DEBORAH NEWELL, Plaintiff-Appellee, *v.* ERMA JACKSON, Defendant-Appellant.

First District (3rd Division)   No. 78-1158

Opinion filed May 16, 1979.

Ellis E. Reid, of Chicago, for appellant.

Michael D. Gerstein and W. James Brown, both of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action to recover damages for personal injuries sustained in an apartment building fire. On September 1, 1976, a default judgment was entered in favor of plaintiff against defendant for $15,000. On February 6, 1978, defendant filed a special appearance and a petition to vacate the judgment alleging that she had never been served with process. On February 27, 1978, the trial court denied the petition. On March 29, 1978, defendant filed a motion, supported by affidavits, to vacate the order of February 27. The trial court heard evidence and, on April 10, 1978, denied defendant's motion. Defendant appeals.

While the deputy sheriff did not testify, his return showed service on defendant on December 13, 1975. The face of the return also indicated that the party served was 26 years old. At the hearing defendant testified that she was not served with summons on December 13, 1975. Defendant testified that on December 13, 1975, she was 41 years old. She took a vacation that month. She left Chicago on December 10 and did not return until after December 25, 1975. During the vacation she visited friends in East St. Louis, Illinois, and St. Louis, Missouri.

Defendant also testified she lived alone on the second floor of a six-apartment building in Chicago. The address was 7609-11 South Essex, but the building had only one entrance door. Another family named Jackson lived across the hall. Four women lived in that apartment, and three were in their twenties.

Neola Roddy, defendant's sister, testified that she lived in East St. Louis. Defendant visited her in 1975, arriving on December 10 and returning to Chicago on December 26. Defendant was present for a birthday party on December 11. On December 13, 1975, defendant and the witness visited a friend at a hospital in St. Louis, Missouri.

Robert Young, defendant's nephew, testified that he met defendant at the bus terminal in East St. Louis on December 10. He saw her at the

birthday party on December 11. He was with defendant on December 13 when she visited a friend at a St. Louis hospital. They also did some sightseeing.

Brenda Young, Robert's wife, testified she saw defendant at the birthday party in East St. Louis on December 11. She also saw defendant on Christmas day.

Plaintiff's counsel tendered to the court a copy of the discovery deposition of the deputy sheriff who made the service of summons. Over defense counsel's objections that the discovery deposition was a hearsay document, the trial judge read the contents of the deposition. In denying defendant's motion, the judge made references to the deposition he had read.

■■ The sheriff's return is prima facie proof of service, and it can be overcome only by clear and convincing evidence. (*Aetna Casualty & Surety Co. v. Sanders* (1973), 15 Ill. App. 3d 573, 305 N.E.2d 25; *Isaacs v. Shoreland Hotel* (1963), 40 Ill. App. 2d 108, 188 N.E.2d 776.) We believe, however, that defendant in the present case met her burden of overcoming that presumption of service by clear and convincing proof.

■■ All the evidence presented on behalf of defendant as to lack of service was uncontradicted and unchallenged. Defendant and three witnesses testified in some detail that she was out of Chicago when she was alleged to have been served. On the date of the purported service, substantial evidence was adduced that she was visiting a hospital in St. Louis, Missouri. It was undisputed that defendant lived alone and that her apartment was vacant when she left the city. The sheriff's return showed that service was had on a 26-year-old woman, while defendant, in fact, was 41 years old at the time. Additionally, a family with the same name as defendant and having three women in their twenties lived across the hall from defendant. When all the evidence offered by defendant is considered, we believe the trial court erred in holding that the presumption of valid service was not overcome by clear and convincing proof.

For the foregoing reasons, the order of the circuit court of Cook County denying defendant's motion to vacate the default judgment is reversed. The special appearance heretofore filed by defendant is ordered to stand as a general appearance, and the cause is remanded for further proceedings.

Reversed and remanded.

SIMON, P. J., and McGILLICUDDY, J., concur.