FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellee, *v.* RICHARD BROWN, JR., *et al.*, Defendants-Appellants.

First District (1st Division)    No. 78-1478

Opinion filed July 16, 1979.

902

Leo E. Holt, of Harvey, for appellant Richard Brown, Jr.

Edward T. Havey, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, First Federal Savings and Loan Association of Chicago, brought this action against defendants, Richard Brown, Jr. and Audrey F. Brown, to foreclose on its mortgage. Defendants failed to appear or plead and a default judgment was entered for plaintiff. The mortgaged property was sold at public sale to plaintiff and plaintiff thereafter obtained an *in rem* order for the deficiency. Defendant, Richard Brown, Jr., subsequently filed a special and limited appearance and later an amended petition, in which he stated that the trial court never acquired jurisdiction over him because service of process had been defective. Defendant in his amended petition asked that service be quashed and the foreclosure and deficiency judgment vacated. The trial court denied defendant's amended petition and defendant appeals.

Plaintiff filed its action to foreclose on January 6, 1976. On the sheriff's return of the summons, the deputy listed defendants' address as 15923 S. Ashland, Harvey, and stated that on January 7, 1976, he served defendants at their usual place of abode by deliverng a copy of the writ to a member of defendants' family of the age of 13 years or older, named Vivian Pittman. Shortly thereafter plaintiff learned that defendants had been divorced on December 26, 1975. It then, on January 27, 1976, filed an amendment to the complaint alleging that it did not know whether either defendant had remarried and making any spouse of either a party defendant as "unknown owner."

On March 11, 1976, plaintiff had service by publication issue against defendants. In the affidavit for service by publication, plaintiff's attorney stated that defendants "Richard Brown, Jr. and Audrey F. Brown on due inquiry cannot be found so that due process cannot be served on them," and that "[d]efendant's place of residence upon diligent inquiry cannot be ascertained and their last known place of address was 15923 South Ashland Avenue, Harvey, Illinois."

On April 29, 1976, the trial court entered a default order against

defendants and a decree of foreclosure and for sale of the mortgaged property was entered. A public sale, at which the property was purchased by plaintiff, was held on June 1, 1976. On June 8, 1976, plaintiff also obtained an *in rem* judgment for the deficiency "against the rents, issues and profits" of the property.

On August 26, 1977, the attorney for defendant Richard Brown, Jr., mailed to plaintiff a notice to produce the mortgage application filed by Richard Brown, Jr.

On November 18, 1977, defendant Richard Brown, Jr., filed a special and limited appearance accompanied by a verified petition, his affidavit, the notice to produce and the affidavit of his attorney in his 1974 divorce action. The petition and affidavit, read together, stated that in foreclosing defendant Richard Brown, Jr.'s, interest in the property the court gained jurisdiction by means of publication pursuant to an affidavit which stated that "Richard Brown on due inquiry cannot be found so that due process cannot be served on him." They also stated that plaintiff could have found defendant by due inquiry through his employer, because not only had he listed International Harvester as his employer on his mortgage application with plaintiff, but also he had been employed by International Harvester since 1966, was working there on March 9, 1976, was still employed there, and in 1976 "several persons other than plaintiff served summons upon me through my employment." Defendant also stated that although plaintiff could have found him by making due inquiry of his attorney of record in his 1974 divorce action, of which plaintiff was aware at the time of service by publication, plaintiff failed to inquire of defendant's divorce counsel defendant's whereabouts. The affidavit of defendant's attorney in the divorce action stated that "neither plaintiff nor anyone acting on his behalf has ever inquired as to the whereabouts of Richard Brown, Jr."

Plaintiff filed its answer to defendant's petition on May 3, 1978, stating that judgment was entered on April 29, 1976, and that the court gained jurisdiction over defendant by the summons served on January 7, 1976. Plaintiff further stated that defendant had known about the pendency of the case at least since August 26, 1977, because that was the date defendant's attorney had sent plaintiff a notice to produce the mortgage application filed by defendant; thus, defendant's petition was "not timely instituted." Plaintiff also asserted that defendant's petition "requested no relief."

On May 26, 1978, defendant filed a verified amended petition and a second affidavit. In these documents, read together, defendant reiterated the statements he made in his original petition and affidavit, and also stated that (1) he had not been personally served with summons, (2) on January 7, 1976, no person by the name of Vivian Pittman lived with him at his usual place of abode, (3) on January 7, 1976, he did not live at 15923

S. Ashland, Harvey, Illinois. Defendant asked that the abode service and the service by publication be quashed and the foreclosure and deficiency judgment "expunged." On the same date, the trial court ordered plaintiff's answer to the original petition stand as its answer to the amended petition, denied defendant's amended petition and entered an order stating that "defendant's amended petition is hereby denied for the reason that defendant's original petition which was filed Nov. 18, 1977, was not filed by leave court [*sic*] and that therefore defendant did not file a valid petition within 2 years as required by Sect. 72 of Civil Practice Act."

Defendant, on appeal, asks that we reverse the trial court's order denying his amended petition requesting that the abode service and service by publication be quashed and that the foreclosure and deficiency judgment be vacated, or that the order denying his amended petition be vacated and the cause remanded for a hearing on his amended petition. We vacate the order denying the amended petition and remand the cause for a hearing on that petition.

Plaintiff contends that motions under section 72 of the Civil Practice Act be made with due diligence (Ill. Rev. Stat. 1977, ch. 110, par. 72) and that defendant did not exercise due diligence in filing his petition and amended petition. Plaintiff states that defendant knew about the pendency of the foreclosure suit by at least August 26, 1977, the date of the mailing of defendant's notice to produce defendant's mortgage application.

Defendant contends that a petition attacking a judgment for lack of personal jurisdiction due to defective service is not restricted by the requirements of section 72 that a motion be timely presented, *i.e.*, that it be presented with "due diligence" and within two years of the date of judgment. We agree with defendant. Initially, we point out that neither defendant's petition nor amended petition was designated as being filed under section 72. In essence, defendant was seeking a vacation of the default judgment for want of jurisdiction.

■■ It is elementary when a defendant has not been served with process as required by law and has not entered an appearance, the court has no jurisdiction over the defendant and a default judgment entered against him is void. A petition attacking a judgment as void may be brought at any time, either in a direct or a collateral proceeding (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154), and is not considered as being brought under section 72. (*G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 674, 357 N.E.2d 180.) It need not meet the requirement of section 72 for timely presentation, even if the party filing the petition deems it to be a petition under that section. (*Rickard v. Pozdal* (1975), 31 Ill. App. 3d 542, 334 N.E.2d 288.) Plaintiff's

argument concerning section 72 is inapplicable. The issue is whether either the abode service or the service by publication was valid.

■ With respect to the abode service, the return of service states that defendant was served at his usual place of abode by delivering a copy on January 7, 1976, to a member of defendant's family named Vivian Pittman at 15923 South Ashland, Harvey, Illinois. Defendant's affidavit accompanying his amended petition states that (1) he had not been personally served with summons, (2) on January 7, 1976, no person by the name of Vivian Pittman lived with him at his usual place of abode, and (3) on January 7, 1976, he did not live at 15923 S. Ashland, Harvey, Illinois. Plaintiff filed no counter-affidavit. Defendant contends that the abode service should have been quashed. We agree. The rule is that "[w]hen * * * the deputy's return recites that he served an individual defendant, not by serving him in person, but by serving a member of his family at his usual place of abode * * * no * * * presumption [of validity] arises and, where such a return is challenged by affidavit and there are no counteraffidavits, the return itself is not even evidence, and, absent testimony by the deputy, the affidavits must be taken as true and the purported service of summons quashed." *Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 237, 297 N.E.2d 795.

■ With reference to the service by publication, the trial court should have conducted a hearing on defendant's amended petition. Section 14 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 14) governs service by publication. There must be strict compliance with the requirements of that section. (*Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 926, 376 N.E.2d 1029.) Section 14 requires that publication be made and that the clerk of the court send a copy to the defendant's last known address. Also required is an affidavit executed and filed by plaintiff or his attorney stating that on due inquiry the defendant cannot be found so that process cannot be served upon him, and also stating either the defendant's place of residence, if known, or stating that on diligent inquiry the defendant's place of residence cannot be ascertained. (Ill. Rev. Stat. 1975, ch. 110, par. 14; *Mercantile All-In-One Loans, Inc. v. Menna* (1978), 63 Ill. App. 3d 931, 936, 380 N.E.2d 944.) This affidavit is a prerequisite to acquiring jurisdiction by publication. (*Mercantile All-In-One Loans, Inc. v. Menna* (1978), 63 Ill. App. 3d 931, 936, 380 N.E.2d 944.) The fact that the affidavit is filed does not foreclose further inquiry into the accuracy of the statements contained therein. "Courts will, if necessary, look behind the document's allegations and if they do not speak the whole truth, jurisdiction will not obtain. [Citations.]" (*Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 91, 315 N.E.2d 215.) Thus, a defendant may challenge the truthfulness of such an

affidavit by filing his own affidavit, showing that he could have been found by due inquiry.

The record in this case shows that publication was made and notice sent, but that defendant in his amended petition and affidavit asserted: (1) He listed International Harvester as his employer on his mortgage application with plaintiff, and plaintiff could have located him through his employer because he was working there at the time plaintiff filed its affidavit for service by publication. (2) Plaintiff was aware of defendant's 1974 divorce action at the time it filed its affidavit for service by publication, but failed to inquire of defendant's attorney of record in the divorce action concerning defendant's whereabouts.

Our supreme court has said that the phrases "due inquiry" and "diligent inquiry" in the statute governing service by publication "are not intended as useless phrases but are put there for a purpose. * * * A perfunctory inquiry does not comply with the provisions of the statute. An honest and well directed effort must be made to ascertain the names and addresses of unknown parties. The inquiry must be as full as the circumstances of the particular situation will permit." (*Graham v. O'Connor* (1932), 350 Ill. 36, 40-41.) Moreover, checking employment records and court records may be part of the "due inquiry" required of a plaintiff relying on service by publication, depending on the circumstances. See *Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 927, 376 N.E.2d 1029; *Graham v. O'Connor* (1932), 350 Ill. 36, 40-41.

It is apparent that defendant by his amended petition and affidavit presented a significant issue with respect to the truthfulness of the affidavit filed by plaintiff's attorney for service by publication. It became incumbent upon plaintiff to either challenge the accuracy of defendant's assertions or to produce evidence showing that "due inquiry" had been made to locate defendant so that process could be served on him. (*Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 927, 376 N.E.2d 1029.) Plaintiff did not do this. The transcript of proceedings states that "[n]o testimony was introduced or offered by either party at the hearing on May 26, 1978, on the Amended Petition of Richard Brown, Jr. * * *." Plaintiff apparently chose to rely on its answer alleging that defendant's petition was not timely. The trial court denied defendant's amended petition on the ground that it was filed too late to meet the requirements of section 72 of the Civil Practice Act. Thus, there was no hearing on the validity of the service by publication. Plaintiff, if he so desires, should answer defendant's amended petition as to the factual matters there alleged and the trial court should hold an evidentiary hearing, with the burden of proof on plaintiff to establish that "due

inquiry" was made to locate defendant. The order denying defendant's amended petition is vacated.

■■ Plaintiff argues that the trial court's order should be affirmed because the property at 15923 South Ashland, Harvey, Illinois, has been conveyed to a third party. The record, however, does not indicate whether the property has been so conveyed. The record shows only that the property was purchased by plaintiff at the foreclosure sale. In this state of the record, there is nothing before us to resolve. We note, however, that a third-party conveyee who was not a party to an original foreclosure proceeding may, if he meets the necessary requirements, prevent the voiding of a foreclosure judgment which would otherwise be void because service was invalid. (See *Janove v. Bacon* (1955), 6 Ill. 2d 245, 249, 128 N.E.2d 706; *Greenwald v. McCarthy* (1948), 402 Ill. 135, 140-41, 83 N.E.2d 491; *Espadron v. Davis* (1942), 380 Ill. 199, 201, 43 N.E.2d 962; *Rivard v. Gardner* (1866), 39 Ill. 125, 129-130; *Longstreet v. Morey* (1977), 49 Ill. App. 3d 720, 364 N.E.2d 602; *Uptown Federal Savings & Loan Association v. Walsh* (1973), 15 Ill. App. 3d 626, 305 N.E.2d 74.) If on remand it appears that a third party claims to have received the property by conveyance, this party should be permitted to intervene in the proceedings.

If on remand there is no such third party, the issue for the trial court to resolve is whether the publication service on defendant was invalid.

Further proceedings in the trial court will depend on the trial court's finding as to the validity of the publication service on defendant and on whether there was a bona fide purchaser of the property. We express no opinion on either question.

The order denying defendant's amended petition is vacated and the cause remanded for further proceedings in accordance with the views here expressed.

Order vacated and cause remanded.

McGLOON and CAMPBELL, JJ., concur.