THE CLINTON COMPANY, Plaintiff-Appellee, *v.* JAMES EGGLESTON *et al.*,
Defendants-Appellants.

First District (1st Division)   No. 79-416

Opinion filed November 13, 1979.

Arthur H. Grant, of Chicago, for appellants.

Fink, Coff and Stern, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, The Clinton Company, as agent for the Secretary of Housing and Urban Development, a/k/a Regents Park-North, brought a forcible entry and detainer action against defendants, James Eggleston and Patricia Eggleston, for possession of and unpaid rent for an apartment occupied by defendants. A default judgment was entered against defendants. Defendants filed a special and limited appearance and moved to quash service of summons. The motion to quash was stricken with prejudice. Defendants' motion to vacate that order was denied. Defendants appeal.

The record discloses the following: The forcible entry and detainer suit against both defendants was filed on November 8, 1978. The

summons was directed to defendants at apartment 1510-N Regents Park-North, 5020 S. Lake Shore Drive, Chicago. The sheriff's return of service by deputy Gray recites that substituted service was had on November 10, 1978, on James Eggleston "at 7:00 AM/PM at his usual place of abode by delivering a copy thereof to a person of his family of the age of 13 years or upwards and informing person named Murk [sic] Mary Roe of the contents thereof, or by leaving a copy with F Race B, approx. age 30 who refused to identify self" and also by mailing a copy on November 14, 1978, to that defendant at such usual place of abode.

On November 20, 1978, defendants filed a special and limited appearance. On November 29, 1978, a default judgment was entered against defendants for possession, $389 damages and costs, with the writ of restitution stayed for 10 days. On December 6, 1978, defendants served notice on plaintiff that on December 8 they would appear and petition the court to quash service. A copy of the petition was attached to the notice.

In their petition to quash service, defendants alleged that they had never been served with summons; that the purported return of service by the sheriff was false in stating that he "served James Eggleston at his usual place of abode at 7:00 (AM or PM not specified) by leaving a copy of the summons and complaint with 'Murk Mary Roe' female, black, of the age 30 on November 10, 1978" because no one by that name or description lives at the purported address of service and there is no family member by that name, age or description; that the affidavit of the sheriff is defective in that it does not show the proper time of day of the service as required by section 13.2 of the Civil Practice Act; that Patricia Eggleston was never served and that there is no return of service showing that she was ever served.

Defendants' affidavit in support stated: On November 10, 1978, there was no one residing at 5020 So. Lake Shore Drive, Apartment 1510N, by the name of "Murk Mary Roe" who was black, female and of the age of 30 years; neither is there a family member by that name, age or description. There are only four members of the household, Patricia and James Eggleston and two small children, ages 8 and 6. On November 10, 1978, at the purported time of service (if at 7 p.m.), no one was home or at the address of the purported service, neither James nor Patricia Eggleston nor any other person was present. James Eggleston arrived home about 8 p.m. on November 10, 1978, and found a summons purported to be addressed to James and Patricia Eggleston from The Clinton Company slid under the entrance door to apartment 1510N. At 7 p.m. on November 10, 1978, Patricia Eggleston was at her place of employment, 30 West Washington Street, Suite 1339, Chicago, and has never been served with summons. At 7 a.m., November 10, 1978, no one appeared at 5020 S. Lake Shore Drive, Apt. 1510, with a summons. At 7 a.m., November 10, 1978,

no one named "Murk Mary Roe" who was black, female and 30 years of age resided at 5020 S. Lake Shore Drive, Apt. 1510, and there was no such member of the family.

The affidavit of Arthur H. Grant, also filed in support, stated that on November 10, 1978, Patricia Eggleston was employed as an attorney with his law firm at 30 West Washington Street, Suite 1339, Chicago, and at 7 p.m. on that date was in that suite and had been there since 4 p.m.

On December 8, 1978, defendants failed to appear and the petition was stricken. On the same day, defendants served notice on plaintiff that they would appear on December 11, 1978, and move the court to quash service in accordance with the petition previously served. The motion was continued to December 14, 1978. On that date the presiding judge instructed plaintiff to subpoena, for a hearing on December 20, the deputy sheriff who had served the summons. Defendants' attorney failed to appear at that hearing.

The report of proceedings of the hearing on December 20 shows that at about 3:10 p.m. the trial judge passed the matter for a few minutes to allow defendants' attorney to call. After a short recess, the court stated that it was then 3:40, that defendants' attorney had said he would be there at 3:30, and that the trial judge had to be back in another courtroom because there was a shortage of judges. The court then summarized defendants' motion to quash and their affidavits in support and heard the testimony of deputy Gray.

Gray testified that on November 10, 1978, at about 7:15 p.m., he was at apartment 1510 at 5020 South Lake Shore Drive to serve a summons for forcible entry. He knocked on the door and a female asked who it was, and he said, "I have some mail for you." She asked, "What kind of mail?" He identified himself as a deputy sheriff. She opened the door and as she saw it she started closing the door and he dropped the summons inside as she was closing the door. When she opened the door he saw her face. She seemed to be a female, black, approximately 30 years of age, slender built. When he identified himself as a deputy sheriff, he stated the reason why he was there. The only thing she did was to close the door.

Plaintiff's counsel then moved that defendants' motion to quash the summons be stricken with prejudice. His motion was granted.

On December 28, 1978, defendants served notice on plaintiff that they would appear that day to vacate the order of December 20 and to allow the motion to quash service. The motion was entered and continued to December 29. Defendants' petition to vacate the order and the affidavit of defendants' attorney in support alleged that on December 20 defendants' attorney had been delayed in court at 26th and California, that he had spoken to the trial judge and told the trial judge at about 3:10 p.m. that he would be delayed in reaching the Daley Center for 20 to 40

minutes, that the trial judge had replied, "We will wait until you get here," that the battery in his car went dead and he was unable to get a cab and had to take a bus; that he arrived at the Daley Center at approximately 3:45 p.m. and learned the trial judge had conducted a hearing on defendants' petition and had denied it with prejudice, without either defendants or their attorney present.

On December 29, 1978, defendants' motion to vacate was continued for hearing on January 8, 1979, and the writ of restitution stayed. On January 8 the court denied defendants' motion and stayed the writ of restitution pending appeal.

Defendants' notice of appeal from the judgment of November 29, 1978, and the orders of December 20, 1978, and January 8, 1979, asks this court to vacate the order of the trial court denying their petition to quash service of summons or for other appropriate relief.

■■ Although defendants make several contentions, the substantive core of their appeal is that the trial court erred in refusing to grant their motion to quash service of summons and in subsequently refusing to vacate that order. We agree. In *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 905, 393 N.E.2d 574, this court said:

> "It is elementary when a defendant has not been served with process as required by law and has not entered an appearance, the court has no jurisdiction over the defendant and a default judgment entered against him is void. A petition attacking a judgment as void may be brought at any time, either in a direct or a collateral proceeding * * *."

It was alleged in defendants' affidavit that Patricia Eggleston had never been served with summons. No counteraffidavits were filed and the return of the sheriff shows only purported substituted service on James Eggleston. Never having been served, her motion to quash service should have been granted. The default judgment entered against her was void.

■■ James Eggleston's motion to quash service on him should also have been granted. It is well settled that where personal jurisdiction is based on constructive service, strict compliance with every requirement of the statute must be shown. *Bank of Ravenswood v. King* (1979), 70 Ill. App. 3d 908, 388 N.E.2d 998.

Section 13.2(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 13.2(1)) requires in pertinent part that "service of summons upon an individual defendant shall be made (a) by leaving a copy thereof with the defendant personally or (b) by leaving a copy at his usual place of abode, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof, * * *." The sheriff's return, using the language of section 13.2, stated that substituted service of the summons, which was addressed to apartment 1510N, had been had on

James Eggleston on November 10, 1978, at his usual place of abode by delivering a copy to a person of his family of the age of 13 years and upward and informing a person named Murk Mary Roe, a black female of the approximate age 30 who refused to identify herself, of the contents thereof and leaving a copy with her. The deputy sheriff who signed the return of service testified that at 7:15 p.m. on that date (November 10, 1978) he was at apartment 1510. He knocked; a female asked who it was; he stated he had some mail for her; she asked what kind of mail; he identified himself as a deputy sheriff; she opened the door and, as she started to close it, he dropped the summons inside. The person who opened the door was female, black, approximately 30 years old, slender build.

Defendants' affidavit in support of their motion to quash service stated that no one resided at apartment 1510N by the name of Murk Mary Roe who was black, female and of the age of 30 years; nor is there a family member by that name, age or description. The only members of the household were James, Patricia and their two children, aged 8 and 6. No one was home at that address on that date at 7 p.m. No one appeared at apartment 1510 with a summons and no one named Murk Mary Roe who was black, female and 30 years old resided at that apartment and there was no such member of the family. No counteraffidavits were filed.

■■ An examination of the deputy's testimony shows that the requirements of section 13.2 were not satisfied. There is no testimony that apartment 1510 where he left the summons was the same as apartment 1510N to which the summons was directed and that apartment 1510 was the usual place of abode of James Eggleston, nor is there any testimony that the person who opened the door was a "person of the family" of James Eggleston.

In *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 393 N.E.2d 574, it is said at page 906:

> "With respect to the abode service, the return of service states that defendant was served at his usual place of abode by delivering a copy on January 7, 1976, to a member of defendant's family named Vivian Pittman at 15923 South Ashland, Harvey, Illinois. Defendant's affidavit accompanying his amended petition states that (1) he had not been personally served with summons, (2) on January 7, 1976, no person by the name of Vivian Pittman lived with him at his usual place of abode, and (3) on January 7, 1976, he did not live at 15923 S. Ashland, Harvey, Illinois. Plaintiff filed no counteraffidavit. Defendant contends that the abode service should have been quashed. We agree. The rule is that '[w]hen * * * the deputy's return recites that he served an individual defendant, not by serving him in person, but by serving a member

of his family at his usual place of abode * * * no * * * presumption [of validity] arises and, where such a return is challenged by affidavit and there are no counteraffidavits, the return itself is not even evidence, and, absent testimony by the deputy, the affidavits must be taken as true and the purported service of summons quashed.' *Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 237, 297 N.E.2d 795."

The testimony of the deputy does not contradict the essential allegations of defendants' affidavit. The trial court should have also granted the motion to quash service as to James Eggleston.

■ Plaintiff's argument that defendants are not entitled to any relief because they did not move to set aside the default judgment is without merit. The judgment was obtained without valid service of process, is void and can be attacked at any time, directly or collaterally. *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 905, 393 N.E.2d 574.

The order of the circuit court of Cook County striking with prejudice defendants' motion to quash service of summons and the order denying their motion to vacate that order are reversed and the cause remanded with directions to grant their motion to quash service of summons, and accordingly to vacate the default judgment against defendants.

During the pendency of this appeal, plaintiff moved this court to remand to the trial court with instructions to enter a money judgment in its favor and against defendants in accordance with an agreed order as to payments to be made during the pendency of this appeal. We took this motion with the case. In view of our disposition of this appeal, we find it unnecessary to pass on this motion. Upon remand, the trial court can take any action which may be appropriate with reference to the relief sought.

Orders reversed and remanded with directions. Motion not entertained.

GOLDBERG, P. J., and McGLOON, J., concur.