(No. 30742.—

BEATRICE GREENWALD, Appellant, *vs.* DANIEL F. MC-CARTHY *et al.,* Appellees.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

KALCHEIM & RAFF, and JOSEPH LEVINSON, both of Chicago, (ABRAHAM MILLER, of counsel,) for appellant.

WILLIAM J. TUOHY, State's Attorney, (GORDON B. NASH, and JULIA M. HAGERTY, of counsel,) all of Chicago, for appellee Michael J. Flynn, County Clerk; and BLUFORD, KRINSLEY, SCHULTZ & VOORHEIS, (VICTOR HEDBERG, and ROBERT B. MOORE, of counsel,) all of Chicago, for appellees Daniel F. McCarthy *et al.*

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the plaintiff, Beatrice Greenwald, from orders of the circuit court of Cook County striking her complaint by which she sought to set aside a tax deed as a cloud on her title and dismissing her suit for want of equity. A freehold being involved, she has perfected an appeal to this court.

On September 22, 1947, plaintiff filed her verified complaint in which she alleged that on May 8, 1931, she acquired title to four vacant lots in Cook County, and that on February 7, 1941, a suit was instituted by the People of the State of Illinois to foreclose the lien of general taxes for the years 1930 to 1939, inclusive, on said property. She further alleged that on September 30, 1941, a decree for $1222.97 was entered in default of payment of which, said decree provided that the property should be sold, and that on October 30, 1941, said property was sold to Harold L. Summerfield for the sum of $70 and subsequently, after said sale had been approved by the court on December 12, 1941, a certificate of purchase was issued to Summerfield which he subsequently assigned to one Clarence A. Hemphill, who had been a party to said foreclosure action. It was then alleged that on November 17, 1943, Hemphill filed a supplemental petition in the foreclosure proceeding, alleging compliance with the Revenue Act respecting the issuance of deeds and praying for an entry of a supplemental decree directing the issuance of a deed to him for said property, and that subsequently, on November 30, 1943, a supplemental decree was entered directing the county clerk to issue a deed to the said Hemphill, which deed was issued to him on December 3, 1943. The plaintiff further alleged that on February 19, 1945, said Hemphill and wife conveyed the premises to the First National Bank and Trust Company of Evanston, as trustee, and that subsequently, on March 8, 1947, said trustee conveyed said property to Daniel F. McCarthy and Edmond M. McCarthy, Jr.

Plaintiff alleged that she was not apprised of any of the tax foreclosure proceedings or purported conveyances until on or about April 25, 1947; that no service of process or notification of any kind was given to her during the pendency of said suit and that she first learned of said proceeding when she asked her attorneys to make a check of

the property for the purpose of clearing delinquent taxes thereon, and that then she immediately proceeded with due diligence to secure the relief asked for by her complaint.

Plaintiff further alleged that the affidavit of nonresidence filed in said foreclosure suit stated that her place of residence, either present or last known, was unknown and could not upon due and diligent inquiry be ascertained, but that by the exercise of reasonable diligence the whereabouts of the plaintiff could have been ascertained and notice of the proceedings could have been sent to her by mail because the plaintiff had caused to be paid the second installment of general taxes for the year 1932, and that the duplicate for said payment, showing her then New York City address, was on file in the office of the county treasurer in Cook County. She further alleged that special assessment records in the office of the village collector of Niles Center, Illinois, in which village this property is located, showed an address in New York City of the plaintiff and that due diligence had not been used by the State's Attorney of Cook County in attempting to ascertain her address or last known place of residence, and that, therefore, said tax foreclosure proceedings were a nullity with respect to this plaintiff.

Plaintiff also alleged by her complaint that the sale price was grossly inadequate, and that the holder of the certificate of purchase had failed to comply with the statute relating to the issuance of tax deeds in that the notice which he caused to be published enlarged the period of redemption contrary to law in that the period of redemption actually should have expired on October 30, 1943, but that the notice which he caused to be published showed said expiration date as October 31, 1943, and that said last-mentioned date fell on a Sunday and said notice was, therefore, void.

She further alleged upon information and belief that Summerfield, the original purchaser at the tax sale, is an attorney associated with the attorneys who caused said tax

foreclosure to be filed, and that he, therefore, is not a *bona fide* purchaser, and that the said Hemphill, who subsequently acquired the certificate of purchase, was also a party to the tax foreclosure suit and, therefore, was chargeable with notice of any and all defects in said proceedings.

The plaintiff tendered to any of the defendants entitled thereto the sum of $70 paid at the tax foreclosure sale, together with costs, charges, general taxes or special assessments and any sums legally due from the plaintiff, together with interest thereon, and prayed that the deeds to Hemphill and to his grantees be set aside as clouds upon her title.

She made parties defendant, Hemphill, Summerfield, the McCarthys and Michael J. Flynn, the county clerk of Cook County, all of whom filed answers. Subsequently motions for judgment against the plaintiff were presented, and on January 19, 1948, orders were entered dismissing the complaint at plaintiff's costs.

The plaintiff contends that the decree of January 19, 1948, should be reversed for the following reasons:

1. The tax deed issued to Hemphill is void because the notice published prior to the issuance thereof stated a wrong expiration date for redemption.

2. The tax foreclosure proceedings were void for want of jurisdiction over the plaintiff because the affidavit of nonresidence was improperly made.

3. Hemphill and Summerfield were not *bona fide* purchasers for value and, therefore, neither they nor their grantees will be protected.

4. The plaintiff has been deprived of her property without due process of law in violation of her rights under the Federal and Illinois constitutions.

The defendants McCarthy contend that where a link in the chain of title to real estate is a final decree of a court of competent jurisdiction which has not been challenged by direct attack, a third party purchasing in reliance on such decree need look only to the question of jurisdic-

tion since he will be protected unless it can be shown on a subsequent collateral attack that the decree is a nullity for want of jurisdiction. They contend that the jurisdictional question must be determined by the record alone in the former proceeding, and that evidence outside the record is inadmissible as against a third-party purchaser. They likewise contend that the tax deed in this case differs from tax deeds where there has been no foreclosure of the lien of taxes by a court, and that, therefore, any error occurring in the deed or in the notice of redemption prior to the deed cannot be raised in this proceeding.

We conclude that the McCarthys are entitled to be protected against a collateral attack on the foreclosure proceeding unless the court in that proceeding lacked jurisdiction of Beatrice Greenwald. *Goudy* v. *Hall,* 36 Ill. 313; Ill. Rev. Stat. 1947, chap. 77, par. 35a.

There is no question about the jurisdiction of the court in the tax foreclosure suit over the subject matter thereof. The only question of jurisdiction is that of the service on Beatrice Greenwald by publication. By her complaint she contends that if the assistant State's Attorney, who made the affidavit of nonresidence, had shown diligence he would have checked the records of the village collector of Niles Center, and that said records "showed the address in New York City of this Plaintiff." She also has alleged that she paid the second installment of general taxes for the year 1932, and that the duplicate receipt issued to her and on file in the office of the county treasurer of Cook County "showed her then New York City address." Nowhere in the complaint has she alleged her 1941 address. Likewise there is no allegation by her that either of the addresses which she alleges were available to the assistant State's Attorney would have resulted in her obtaining notice of the pendency of this suit. If the McCarthys were not innocent third parties, the plaintiff, Greenwald, might be able to attack the affidavit of nonresidence, but as we view

this case, the jurisdiction of the court over the defendant in a former proceeding creating a link in the chain of title to real estate must be determined by the record alone in the former proceedings, when such attack is a collateral attack. (*Rivard* v. *Gardner,* 39 Ill. 125.) In the *Rivard case* there was an effort to divest the title of third parties by showing that the return of the summons showing personal service some twelve years prior thereto was, in fact, a false return. In that case we held that although there was some hardship upon a person who might lose his property in consequence of judicial proceedings of which he had no notice, the public should be permitted to purchase property sold under a judgment or decree of court without the apprehension that at some distant day the title might be divested by parol testimony that the return of the officer, upon which such judgment was rendered, was falsely made. The *Rivard case* appears to be the first case in which our court had such question presented to it and the rule there announced by this court appears to have been followed subsequently without exception.

In the case at bar the record in the tax foreclosure suit affirmatively shows an affidavit of nonresidence for publication which conforms to the statute and which shows that notice by publication was given to Beatrice Greenwald in conformity with the statute. The decree in the foreclosure suit found that the court had jurisdiction of the parties and of the subject matter, and we believe that any attempt to establish that the assistant State's Attorney made a false affidavit cannot be successful in this collateral proceeding.

The plaintiff has also contended that the tax deed issued to Hemphill pursuant to a supplemental decree of the court in the tax foreclosure proceeding was void for the reason that the notice of the time the period of redemption would expire was defective. Plaintiff has cited many cases in support of the rule that the validity of a tax deed depends

upon strict compliance with the statute and that the omission of any statutory requirement will render the tax deed absolutely void. We have no quarrel with such rule of law, but it is our opinion that the cases cited by the plaintiff are not similar to the case at bar because the deed issued in this case was issued pursuant to a decree of foreclosure and a supplemental decree finding that Hemphill had complied with the statute relating to the issuance of tax deeds and ordering that a deed issue to him. In the case of *Clark* v. *Zaleski,* 253 Ill. 63, this court fully considered the procedure for perfecting titles in tax foreclosure proceedings and this court had before it the same arguments as are here made by the plaintiff. In that case we held that when a court of equity acquired jurisdiction for the purpose of foreclosing a tax lien, it would retain such jurisdiction until the entire matter was consummated. We also held that where a court in such proceeding approved a deed made under its decree and found that the law had been complied with by the owner of the certificate of purchase a subsequent collateral attack based on the question of compliance with the statute regarding the issuance of tax deeds could not be sustained. At page 82 of our opinion, in discussing a collateral attack upon such a deed issued pursuant to a supplemental decree in the tax foreclosure proceeding because of alleged error in the issuance thereof, we stated, "This finding in a collateral proceeding must be regarded as conclusive and binding upon all parties to the record and their privies." We can find no case which has been decided by this court involving tax foreclosure proceedings since *Clark* v. *Zaleski* in which we have modified or changed this rule as there announced. There are a multitude of titles in Illinois which are dependent upon the rules announced in that case and it is not within the province of this court to disturb long-established rules of real-property law. *Chicago. Title and Trust Co.* v. *Shellaberger,* 399 Ill. 320.

The plaintiff has also contended that she has been deprived of her property without due process of law in violation of her constitutional rights. As we view this case, we can find no constitutional guaranty of the plaintiff which has been infringed. In order to secure an orderly legal proceeding under our judicial system a statute providing for service by publication on defendants who are non-residents has been enacted by the legislature. The statute providing for service by publication is uniform in application and its purpose is proper and within the power of the legislature to enact.

We believe that the orders of the circuit court of Cook County striking the plaintiff's complaint were properly entered and, therefore, the decree of that court dismissing the complaint at plaintiff's costs will be affirmed.

*Decree affirmed.*