JOHN M. LONGSTREET, Plaintiff-Appellant, *v.* WALTER T. MOREY *et al.*, Defendants-Appellees.

Fourth District   No. 13626

Opinion filed June 13, 1977.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur (David A. Dvorak, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Jerald E. Jackson and Mark E. Jackson, of counsel), for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

This is a suit over land.

Longstreet filed suit to establish his right to certain land in Macon County. In the first count, he alleged that the various defendants owned only a terminated life estate in the property and that he, as remainderman, is entitled to possession. In count II, Longstreet collaterally attacks a foreclosure decree, and subsequent sale, on the ground that the court lacked personal jurisdiction over him. In count III he seeks to disaffirm a mortgage signed by him during his minority. All three counts were dismissed and Longstreet appeals.

We affirm dismissal of counts II and III, but reverse the dismissal of count I and remand.

The complaint alleged the following: Longstreet's father was the owner of a life estate in the property and he, plaintiff, was the remainderman. On August 29, 1932, plaintiff and his parents signed a mortgage and two notes in the amount of $253.33. Plaintiff was a minor at that time. The mortgage, held by M. W. Iles, was recorded.

About November 10, 1934, Iles filed suit to foreclose. Plaintiff and his parents were named as defendants and a return of summons was made showing the three had been personally served. Plaintiff Longstreet denies that he was actually served.

A decree of foreclosure was entered February 15, 1935. Judicial sale was held March 23, 1935, and the property purchased by Karl Volhmer. On March 24, 1936, the property was redeemed by H. H. Morey, the

assignee of a judgment creditor of plaintiff's father. On April 15, 1936, H. H. Morey received a sheriff's deed, which was recorded. The present defendants are Morey's children, who claim title in fee simple, through the sheriff's deed. The other defendants are tenants on the property.

Count I alleges that H. H. Morey, as assignee of a judgment creditor of plaintiff's father, acquired only the ownership interest of the father, which was a life estate. Plaintiff's father died October 26, 1973. Plaintiff requests that he be declared owner in fee simple of the property.

Count II says that the foreclosure decree was void for lack of personal jurisdiction because plaintiff was never served with summons.

Count III seeks to disaffirm the original mortgage and notes because plaintiff was a minor at the time they were signed. He alleges that, when he first became aware of the foreclosure in 1935 or 1936, he consulted with attorneys who told him that: (1) there was nothing he could do until after the death of the life tenant; and (2) since he was a minor at the time of the signing, his interest would be preserved.

■■■ COUNT I. The narrow question presented here is whether a judgment creditor of the life tenant acquires title in fee when he redeems the property *en masse* or whether he acquires only the title of his judgment debtor.

Plaintiff cites *Schroeder v. Bozarth* (1906), 224 Ill. 310, 79 N.E. 583, a case which is virtually identical to this one in terms of events, participants and time span. As here, the owners executed a mortgage, it was foreclosed and the owners did not redeem. A judgment creditor of the life tenant did redeem the propery *en masse*. The life tenant died 30 years later and the heirs of the remaindermen filed for partition. The supreme court held that a judgment creditor who redeems after a foreclosure sale can only acquire the title of his judgment debtor, even though he redeems *en masse*. The effect is to remove the encumbrance from the property but the creditor had no ability to acquire the title of those not his debtors.

Although no more recent case involving life tenants and remaindermen has been found, the supreme court in 1952 applied the same rule to another multiple interest (joint tenancies) in *Wojcik v. Stolecki* (1952), 411 Ill. 443, 104 N.E.2d 288. In that case the court noted that it was the established method for the creditor of one co-tenant to redeem the whole, although he only acquires the title of his debtor and frees the interest of any other owner from the lien of the sale.

Defendants cite numerous cases which contain language to the effect that a judgment creditor who redeems acquires all the rights of the purchaser at the foreclosure sale. The purchaser here, if no redemption was made, would have obtained a fee simple title. None of the cases cited involve judgment creditors whose debtors owned only a partial interest in the property.

Defendants argue that *Schroeder* is "bad law" and embodies unsound public policy. Yet we, as all others, must face one fundamental and pragmatic fact of legal life: this court has neither the desire nor the ability to reverse long-established direct Illinois Supreme Court precedent!

*Schroeder* also makes clear that neither *laches* nor the statute of limitations can bar plaintiff's suit. The court there held that the remaindermen had no right to sue those in possession until the death of the life tenant. Suit was brought here about one year after the death of the life tenant.

■■ COUNT II. Plaintiff alleges that he was not served with summons in the 1934 action to foreclose the mortgage. He contends that the court therefore did not have jurisdiction over him and the foreclosure decree is *null* and *void*. He argues that this collateral attack is permissible even though the record affirmatively shows a return by the sheriff stating that he, personally, served this plaintiff in the foreclosure action and the decree of the court states that it had jurisdiction over the parties.

In *Janove v. Bacon* (1955), 6 Ill. 2d 245, 128 N.E.2d 706, the court stated that a judgment cannot be attacked even for alleged jurisdictional defects, if those defects are not apparent on the face of the record, when the rights of innocent third parties have attached. In *Uptown Federal Savings & Loan Association v. Walsh* (1973), 15 Ill. App. 3d 626, 305 N.E.2d 74, the court discussed the public policy *rationale* for this rule in cases involving foreclosures. The public should be permitted to purchase property sold under judgment without apprehension that, in the distant future, their title may be divested by parole testimony that the return was falsely made. By limiting the defendants to suit against the sheriff in the few cases where error is made, public faith in judicial sales is upheld and the purposes of the sale better fulfilled.

■■ Plaintiff Longstreet here contends that defendants are not innocent third parties because they take under a deed which passed through a straw man. The complaint had alleged that, after H. H. Morey received a sheriff's deed in 1936, he conveyed to a straw man in 1942, who reconveyed to H. H. Morey for life, with equal remainders to his two children (our defendants here). Plaintiff's argument misses the point. By the original sheriff's deed he received, Morey became possessed of rights, as an innocent third party, which cut off plaintiff's right to attack the jurisdiction of the court by extrinsic evidence. The complaint shows that the purchaser at the foreclosure was not a party to the original proceedings and that Morey did not even become an assignee of the judgment creditor until after the foreclosure sale. Under these circumstances, the count alleged no legal basis for the relief sought. See *Uptown Federal Savings & Loan Association.*

■■ COUNT III. Plaintiff Longstreet seeks to disaffirm a mortgage

signed in 1932 when he was a minor. A deed or contract executed by a minor is only voidable, not void. It may be disaffirmed by the person within a reasonable time after reaching his majority. (*Curtis v. Curtis* (1947), 398 Ill. 442, 75 N.E.2d 881.) Forty years have gone by since plaintiff achieved his majority and most of that time he knew the mortgage had been foreclosed. Although Longstreet, by affidavit, stated that he was relying on the advice given him by attorneys in 1935 or 6, this is inadequate. Ignorance of legal rights and erroneous legal advice will not excuse delay in suing. (*Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 147 N.E.2d 347; *Breit v. Yeaton* (1882), 101 Ill. 242, 272.) We hold—as a matter of law—that the 40-year postponement under the circumstances at bar was a clear-cut unreasonable delay.

For the reasons stated above, the judgment is affirmed as to counts II and III, reversed as to count I, and the cause remanded for further proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings.

CRAVEN, P. J., and GREEN, J., concur.