ROBERT A. TAYLOR *et al.*, Plaintiffs-Appellants, *v.* CARROLL LANAHAN, Defendant-Appellee.

Fifth District   No. 78-347

Opinion filed July 13, 1979.

R. Michael Fischer, of Alton, for appellants.

Cadagin, Cain and Tognarelli, of Collinsville (Richard R. Cain, of counsel), for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal by plaintiffs, Robert A., Darlene A., John T. and Ann T. Taylor (hereinafter the Taylors), from an order of the circuit court of Madison County granting defendant Carroll Lanahan's motion to quash a *lis pendens* notice. The sole issue on appeal is whether the court erred in granting this motion.

The Taylors and Lanahan are adjoining property owners. Their ongoing dispute over whether Lanahan has the right to use a roadway which crosses the Taylors' property and connects with a public highway has brought them before this court on two previous occasions. See *Lanahan v. Taylor* (1972), 8 Ill. App. 3d 482, 290 N.E.2d 310; *Taylor v. Lanahan* (1977), 45 Ill. App. 3d 1076 (Rule 23 order).

In 1969 Robert and Darlene Taylor commenced an action against Lanahan, and in 1972 an amended complaint was filed in which all four Taylors were named as plaintiffs. This action alleged that Lanahan's repeated uses of the road were trespasses and sought both injunctive relief and money damages for these violations. Defendant Lanahan asserted as an affirmative defense to the action that his use of the roadway was pursuant to an easement by prescription. In April of 1975, after a bench trial, the circuit court entered a judgment finding that defendant Lanahan had acquired an easement by prescription with regard to the use of the roadway over the Taylors' land. On appeal, this court by order pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1975, ch. 110A, par. 23) reversed the judgment of the trial court on the basis that the court in reaching its decision had improperly taken judicial notice of documents, affidavits and other matters made part of Lanahan's motion for summary judgment which had previously been denied. (*Taylor v. Lanahan* (1977), 45 Ill. App. 3d 1076 (Rule 23 order).) Since, however, it was obvious that not all of the pertinent evidence had been submitted to the trial court and it could not be said that all of the evidence when viewed in the light most favorable to defendant so overwhelmingly favored the Taylors as to justify an outright reversal, this court remanded the cause for further proceedings.

While the action was pending on remand, the Taylors filed a *lis pendens* notice as to this suit pursuant to section 1 of "An Act concerning * * * suits seeking equitable relief involving real property * * *" (Ill. Rev. Stat. 1977, ch. 110, par. 405, formerly Ill. Rev. Stat. 1975, ch. 22, par. 53) in the office of the recorder of deeds in Madison County. The *lis pendens* notice asserted that Lanahan's property was affected by this cause and set forth a full legal description of his property. Lanahan subsequently filed a motion to quash the *lis pendens* notice, complaining that it attached to property other than that affected by the lawsuit. The court on June 5, 1978, entered an order granting Lanahan's motion to quash the notice and the plaintiffs thereafter pursued this appeal.

■■ *Lis pendens* means a pending suit. (*Moore v. Zelic* (1930), 338 Ill. 583, 170 N.E. 664; *Marshall v. Solomon* (1948), 335 Ill. App. 302, 81 N.E.2d 777.) The doctrine of *lis pendens* originated at common law but is now controlled in Illinois by statute. The purpose of the doctrine has always been the avoidance of endless litigation of property rights precipitated by transfers of interest. (*Norris v. Ile* (1894), 152 Ill. 190, 38 N.E. 762; *Moore v. Zelic.*) This end has been achieved by conclusively binding one who obtains an interest in the real property of a party during the pendency of a suit affecting it to the result of that litigation as if he had been a party thereto from the outset. *Norris v. Ile*; *Moore v. Zelic.*

In Illinois the doctrine of *lis pendens* is contained in two statutory

sections (Ill. Rev. Stat. 1977, ch. 110, par. 405; Ill. Rev. Stat. 1977, ch. 30, par. 121). This case deals with notice under the former section, which provides in pertinent part as follows:

"Every condemnation proceeding, * * * or other suit seeking equitable relief, affecting or involving real property shall, from the time of the filing in the office of the recorder of deeds in the county where the real estate is located of a notice signed by any party to the suit or his attorney of record or attorney in fact on his behalf, setting forth the title of the cause, the parties to it, the court where it was brought and a description of the real estate, be constructive notice to every person subsequently acquiring an interest in or a lien on the property affected thereby, and every such person * * * shall, for the purposes of this Act, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto." Ill. Rev. Stat. 1977, ch. 110, par. 405.

The notice filed below met all of the technical requirements of this statute. The notice was filed in the office of the recorder of deeds in the county where Lanahan's real estate is located; it was signed by the Taylors' attorney and it set forth the title of the cause, the parties to it, the court where it was brought and the description of Lanahan's real estate. Further, the proceeding named in the notice was a suit seeking equitable relief since the Taylors' complaint sought an injunction prohibiting future use of the roadway by Lanahan. Consequently, the instant notice may be said to be unauthorized under the statute only if the suit named therein was not a suit "affecting or involving" the real property of defendant Lanahan. After considering the record, we find that the instant suit does affect the defendant's property, and consequently, the judgment of the trial court quashing the *lis pendens* notice must be reversed.

As has already been mentioned, Lanahan asserted as a defense to the instant trespass action that his use of the roadway was pursuant to an easement by prescription. If such an easement exists here, it would be an easement appurtenant to the land described in the *lis pendens* notice rather than merely a personal right in favor of defendant Lanahan.

An easement is a right or privilege in the real estate of another, and when exercised in connection with occupancy of other land, it is considered to be appurtenant thereto. (*Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 192 N.E.2d 384.) Generally, an easement is considered appurtenant when one terminus is on the land of the party claiming it; however, the only essential element is that it inhere in or concern the land of that party. (*Allendorf v. Daily* (1955), 6 Ill. 2d 577, 129 N.E.2d 673.) In this case, Lanahan's land adjoins the property of the Taylors, and the roadway crossing it, in which Lanahan claims an

easement, also adjoins his property and has one terminus on it. In addition, Lanahan's use of the roadway as a means of ingress and egress to his property has surely been one made in connection with the occupancy of his land. These circumstances demonstrate that what is in question here is an easement appurtenant, an incorporeal right attaching to Lanahan's property. Since an easement appurtenant is a right which runs with the land and may be transferred with it (*Traylor v. Parkinson* (1934), 355 Ill. 476, 189 N.E. 307; see also *Beloit Foundry Co. v. Ryan*) and the trial court will necessarily have to decide whether such an easement is attached to Lanahan's property in order to determine what judgment must be entered in the trespass action, that action is in fact a "suit seeking equitable relief, affecting or involving [the] real property" described in the notice.

For the foregoing reasons, we reverse the order of the circuit court of Madison County granting the motion to quash the instant *lis pendens* notice.

Reversed.

KUNCE and KASSERMAN, JJ., concur.