UPTOWN FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellee and Respondent, *v.* NARISH VASAVID *et al.*, Defendants-Appellees and Respondents.—(HUNG KIT NG *et al.*, Petitioners-Appellants, *v.* KALMAN GOLDBERG *et al.*, Respondents-Appellees.)

First District (3rd Division)    No. 80-683

Opinion filed March 11, 1981.

Harold I. Levine, of Chicago (William Biederman, of counsel), for appellants.

Sheldon Belofsky, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Hung Kit Ng, is a contract purchaser of mortgaged property held in a land trust. He appeals from an order of the trial court which both denied his petition to vacate a foreclosure decree and sale, and confirmed the Sheriff's report of sale of the mortgaged premises to a third-party purchaser. On appeal, petitioner contends that he was a necessary party to the foreclosure proceedings and that improper joinder permits him to vacate the foreclosure decree; that he was never properly joined because service to him by publication was ineffective for lack of

due diligence to ascertain his name and address; that he is a nonrecord claimant under the statute and as such he possessed the right to redeem from the sale. Petitioner contends in the alternative that he should have been permitted the "right to cure" the mortgagor's default pursuant to statute; that his right to redeem has not been waived by the waiver of redemption clause in the mortgage instrument; and that the existence of a bona fide purchaser does not affect his rights because at the time he filed his petition, a deed had not yet issued to the purchaser.

The property at issue here consists of a 12-unit apartment building held in a land trust by the Chicago Title and Trust Company as trustee. The beneficiaries of the trust and the vendors of the property are Mr. and Mrs. Narish Vasavid. The property is registered under the Torrens Act. On September 27, 1977, respondent Uptown Federal Savings and Loan registered in Torrens a mortgage between itself and the Vasavids.

On March 12, 1978, the Vasavids entered into an installment sales contract for the subject property with petitioner. The contract recited that the property was subject to a mortgage, that it was in trust and that the vendors were the beneficiaries. The contract provided for immediate possession in petitioner, the right to collect rents and the obligation to pay taxes and utilities on the property. At the closing, petitioner received an agreement for the trustee's deed, wherein upon completion of his performance the deed was to be delivered into another land trust, of which another corporation was to be the trustee and petitioner was to be the beneficiary.

Petitioner did not register the contract or any affidavit of this acquired interest with Torrens despite provision in the Act for such a filing. Nor did petitioner divulge his identity to the corporate trustee, which held both legal and equitable title to the property. The trust agreement provided that the trustee's only duty when served with process is to relay notice to the beneficiaries and to any other persons designated by the beneficiaries to receive notice. The trust instrument listed only the names of the Vasavids as ones entitled to notice from the trustee.

Immediately after the installment contract transaction, the Vasavids defaulted in mortgage payments to Uptown. Petitioner continued to make his monthly payments in excess of $1,000 to the Vasavids. Approximately eight months later, Uptown commenced foreclosure proceedings.

Uptown named as defendants the Vasavids, the corporate trustee, the registrar of titles, and all "unknown owners." In compliance with the statutory requirements for service, Uptown filed an affidavit asserting that upon due diligence the names and addresses of "unknown owners" could not be ascertained. Uptown then served such "unknown owners" by publication. The corporate trustee defaulted, and publication was resorted to for the Vasavids, who could not be found. On November 7,

1979, the trial court entered an order of default and a decree of foreclosure and sale.

Approximately two weeks later, petitioner's then counsel spoke with Uptown's attorney and advised him of petitioner's interest in the property as an undisclosed contract purchaser. On December 11, 1979, a judicial sale of the property was conducted where a stranger to the proceedings, Kalman Goldberg, purchased the property. Petitioner's counsel attended the judicial sale and observed in silence as the property was sold to Goldberg. The mortgage instrument provided for disclosure to Uptown by the Vasavids of any property conveyance and the correlative right in Uptown to increase the interest rate to the purchaser of the property.

On January 4, 1980, petitioner filed a motion to vacate the foreclosure decree. On January 22, 1980, the trial court denied plaintiff's motion. By new counsel, petitioner again sought to vacate the decree, to intervene and redeem from the sale. The trial court also denied this motion, and the sale was confirmed.

■■ Initially we briefly address petitioner's contention that he is a non-record claimant and that therefore Uptown erroneously attempted to join him as an "unknown owner" pursuant to the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 29.) Although the legislature in 1961 passed the nonrecord claimant statute (Ill. Rev. Stat. 1977, ch. 95, par. 23.1 *et seq.*) to make joinder of all interested persons easier by removing the due diligence prerequisite to service by publication, the procedure is not exclusive. The "unknown owner" joinder provisions of the Civil Practice Act remain a viable method of joinder, and Uptown's attempted service was proper. See Bernard, *Legal Aspects of 1961 Mortgage and Redemption Law Legislation in Illinois*, 43 Chi. B. Rec. 229 (1962).

■■ ■ We next consider whether the trial court properly denied petitioner's motion to vacate the foreclosure decree. It is fundamental that a judgment ordinarily may be attacked at any time by a necessary party who was not given proper notice of the proceedings. (*Janove v. Bacon* (1955), 6 Ill. 2d 245, 128 N.E.2d 706; *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 393 N.E.2d 574.) Where, however, the defects are not apparent from the face of the record, and a bona fide purchaser has intervened, the necessary party will be precluded from attacking the otherwise void foreclosure judgment. (*Janove v. Bacon*; *Greenwald v. McCarthy* (1948), 402 Ill. 135, 83 N.E.2d 491; *First Federal Savings & Loan Association v. Brown*.) In *Greenwald* our supreme court held that a mortgage foreclosure decree and sale could not be vacated by an allegedly necessary party who argued that service by publication was defective. There, as here, the party had filed an affidavit alleging that upon due diligence the names and addresses of unknown owners could not be ascertained. There, as here, a third party who was

not a party in the foreclosure proceeding purchased the mortgaged property at a judicial sale prior to the motion to vacate the decree. And there, as here, it was argued that the affidavit of compliance with the due diligence requirements of the Civil Practice Act was false. The *Greenwald* court noted that the alleged jurisdictional defect required inquiry beyond the face of the record and thus concluded that the innocent purchaser's right could not be affected. We follow the holding of *Greenwald* and rule that plaintiff was not entitled to vacate the foreclosure decree and sale after the purchaser, Kalman Goldberg, acquired the property without notice of any interest held by petitioner. The trial court properly denied petitioner's motion to vacate the decree and sale.

■■ Petitioner, nevertheless, maintains that his right to vacate the decree is not precluded by the presence of a purchaser since at the time of his motion a deed had not been issued to Goldberg. We must reject this contention based on the operation of two statutes. The first statute provides in pertinent part:

"The right, title and interest of any purchaser acquired at a sale made under or pursuant to any judgment in a proceeding in which the court had jurisdiction of the subject matter and of the parties, and who was not a party to such proceeding, * * * shall not be affected by any reversal, modification or order setting aside such judgment made in any proceeding to review such judgment, unless *at the time of such sale,* * * * an appeal was pending which operated as a supersedeas or a petition under Section 72 of the Civil Practice Act had been filed." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 77, par. 35a.

Moreover, although the court order at the judicial sale provided that the deed should be withheld from the purchaser until expiration of a statutory redemption period, the decree should have ordered the deed to issue immediately to Goldberg. (Ill. Rev. Stat. 1977, ch. 77, par. 18b.) That paragraph provides in pertinent part:

"Any corporate trustee of any express trust, when so authorized or empowered by the trust instruments or by any persons having a power of direction over such trustee, may, by provision in any mortgage or trust deed in the nature of a mortgage hereafter executed, except where the mortgage or trust deed covers any land which, at the time of execution thereof, is improved with a dwelling for not more than four families * * *, waive any and all rights of redemption from sale under any order of foreclosure of such mortgage or trust deed, on behalf of the mortgagor or grantor, the trust estate and all persons beneficially interested therein, and each and every person except judgment creditors of any such trustee * * *, acquiring any interest in or title to the

mortgaged premises subsequent to the date of such mortgage or trust deed; and such waiver shall be binding upon and be an effective bar against redemption (a) by such mortgagor or grantor, * * * (b) by any person or persons acquiring any interest in or title to the mortgaged premises by, through or under such mortgagor or grantor * * *. When any sale is had under any order of foreclosure of any such mortgage or trust deed containing such waiver, upon confirmation of such sale the officer who made such sale, * * * *shall immediately execute and deliver to the purchaser a deed * * *.*" (Emphasis added.)

The corporate trustee here was expressly granted the power to waive the redemption rights of the mortgagor, and the trustee did, in fact, waive such rights in the mortgage document for the trust corpus. The waiver is clearly binding upon petitioner, who claims an interest to the mortgaged premises under the mortgagor. (See *Chicago Title & Trust Co. v. National Bank* (1974), 17 Ill. App. 3d 721, 307 N.E.2d 656.) We hold that Goldberg's interests in the mortgaged property after the sale were absolute as against petitioner.

■■ Nor can petitioner, having waited until after the judicial sale, assert a "right to cure" the Vasavids' default pursuant to statute. (Ill. Rev. Stat. 1977, ch. 95, par. 57.) That statute provides that the mortgagor "or his successor in interest in such mortgaged property" may, before entry of the foreclosure decree or within 90 days of service of summons, whichever occurs first, cure the default by paying to the mortgagee the amount in arrears, plus costs. The foreclosure action then is dismissed and the relationship of mortgagor and mortgagee remains intact. Since the present petitioner was never personally served, he possessed the right to cure only until entry of the foreclosure decree. (See *Paulauskas v. Rumsas* (1971), 1 Ill. App. 3d 460, 275 N.E.2d 270.) Moreover, the statute seeks to protect the continuity of the mortgagor-mortgagee relationship which here already had been terminated by Goldberg's purchase at the sale. The statute does not contemplate that the interest of an intervening purchaser at a judicial sale can be defeated and the mortgagor's status reinstated by a party claiming an interest in the property after the decree of foreclosure.

Since we have held that petitioner is bound by the waiver of redemption clause in the mortgage instrument, we need not address his additional contention that the purchaser takes subject to petitioner's right to redeem as a nonrecord claimant. Ill. Rev. Stat. 1977, ch. 95, pars. 23.1 *et seq.*; Ill. Rev. Stat. 1977, ch. 77, par. 36a.

■■ The purpose of Torrens is to provide one source where a prospective purchaser can become informed of any interests in title to registered property. (*Echols v. Olsen* (1976), 63 Ill. 2d 270, 347 N.E.2d 720.) Petitioner could have protected his claim by registering his interest under

the Torrens Act, thus acquiring the right to receive notice of actions concerning the property. (Ill. Rev. Stat. 1977, ch. 30, par. 129.) Or, because the nature of ownership in a land trust is ordinarily undisclosed, petitioner could have divulged his identity to the corporate trustee and required that he be listed in the trust instrument as a recipient of future notice when the trustee was served with process.

Petitioner instead chose to remain hidden not only from Torrens registration and the corporate trustee, but also from the mortgagee, which possessed the right to increase petitioner's rate of interest on the mortgage. Although he learned of the foreclosure decree seven days after its entry, petitioner made no attempt to intervene and actually attended the judicial sale, where a third-party purchased the property without notice.

For all the foregoing reasons, and in light of the strong policy favoring the stability of judicial sales, *Bankers Trust Co. v. Chicago Title & Trust Co.* (1980), 89 Ill. App. 3d 1014, the order of the circuit court of Cook County is affirmed.

Order affirmed.

RIZZI, P. J., and WHITE, J., concur.