**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,**

v.

**AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, as Trustee under Trust Agreement dated December 17, 1981 and known as Trust No. 54844, American National Bank and Trust Company of Chicago, as Trustee under Trust Agreement dated Sept. 14, 1978, and known as Trust No. 43879, Victor J. Vaccaro, Andrew P. Vaccaro, Bette L. Vaccaro, Central National Bank in Chicago, Murphy & Boyle Chartered, Century Lumber Company, Inc., Darien Mechanical Industries, Inc., I. Gottlieb and Association, Inc., R.B. Traub, d/b/a All-Line Electric Company, Columbia Pipe and Supply Company, Unknown Owners and Non-Record Claimants, Defendants.**

No. 82 C 4686.

United States District Court,
N.D. Illinois, E.D.

April 27, 1983.

Mark S. Lieberman, Robert R. Tepper, Rochelle S. Dyme, Ronald A. Damashek, Rosenthal & Shanfield, Chicago, Ill., for plaintiff.

Jay Erens, William E. Rattner, Norman G. Plotkin, Levy & Erens, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

Plaintiff General Electric Credit Corporation is a citizen of New York and Connecticut. It filed this lawsuit in federal court under 28 U.S.C. § 1332 (1976).[1] In counts I and III of its complaint, plaintiff seeks to foreclose on mortgages it holds on certain property in which defendants have an interest. These counts also name as defendants "unknown owners and non-record claimants." These defendants are persons or entities that may have interests in the mortgaged property that are unrecorded and which plaintiffs have not been able to identify.[2]

---

**1.** The statute provides, in pertinent part,

    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

    (1) citizens of different states ....

28 U.S.C. § 1332(a)(1) (1976).

**2.** The possibility that such persons exist is not entirely speculative. For example, under Illinois law, which the parties agree governs this case, a judgment creditor of a mortgagor has a right to redeem the mortgaged property for a period of time after the property is sold pursuant to a judgment of foreclosure. See Ill.Rev. Stat. ch. 110, § 12–132 (1981). Judgment creditors often will not have recorded their interests in the mortgaged property and hence cannot be identified by the mortgagee. Thus, they are denominated "unknown owners and non-record claimants."

Defendants[3] moved to dismiss the foreclosure counts for lack of subject matter jurisdiction. They argued that since by definition plaintiff did not know the identities of the unknown owners and non-record claimants, plaintiff could not affirmatively allege that these defendants were not citizens of New York or Connecticut, and hence could not establish federal jurisdiction.[4] Plaintiff's initial response was to drop the unknown owners and non-record claimants as defendants, making their citizenship irrelevant to determining whether federal jurisdiction exists over this action. Defendants persisted, however, arguing that the unknown owners and non-record claimants would be bound by a judgment of foreclosure in this action even if not named as defendants, meaning that they either were still in substance before the court or else they were necessary parties without which the action could not proceed.

Under the federal rules of civil procedure, a person

shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed.R.Civ.P. 19(a). Based on the parties' memoranda on the motion to dismiss, it appeared that the unknown owners and non-record claimants would be bound by the judgment in this case even if they were not named as defendants, meaning that their ability to protect their interests in the mortgaged property would be impaired if the action proceeded in their absence.[5] Moreover, if they were not bound by our judgment, then their interests in the property would survive the judgment and act as a cloud on title, meaning that complete relief could not be provided to plaintiff. Accordingly, we granted defendants' motion to dismiss the complaint for failure to join the unknown owners and non-record claimants.

Plaintiff has moved for reconsideration of the previous ruling. In its motion, plaintiff informs the court of two facts of which it was not aware at the time of the previous ruling. First, plaintiff has not served the unknown owners and non-record claimants with notice by publication as required by Illinois law if they are to be bound by the judgment of foreclosure. Hence, plaintiff argues, the interests of unknown owners and non-record claimants will be unaffected by the judgment. Second, plaintiff has obtained a commitment from Chicago Title and Trust Company to insure the title obtained from the mortgage foreclosure sale despite the "cloud" created by the unadjudicated interests of unknown owners and non-record claimants. Thus, as a practical matter, plaintiff contends, the title the purchaser at the foreclosure sale can obtain without joining unknown owners and non-record claimants will be marketable, and hence all parties can obtain complete relief in their absence.

■ In analyzing any joinder problem, the interests of the absent parties in the litigation must first be analyzed.[6] The first

---

**3.** The moving defendants were American National Bank and Trust Company of Chicago, as Trustee under Trust Agreement dated December 17, 1981 and known as Trust No. 54844, American National Bank and Trust Company of Chicago, as Trustee under Trust Agreement dated September 14, 1978 and known as Trust No. 43879, Victor J. Vaccaro, Andrew P. Vaccaro and Bette L. Vaccaro.

**4.** The complaint had alleged, "On information and belief, Defendants, unknown owners and non-record claimants, if any there be, are not

citizens of either New York or Connecticut." Amended Complaint ¶ 5.

**5.** Even if not named as defendants, unknown owners and non-record claimants are bound by a judgment of foreclosure if proper service by publication is had against them. *See* Ill.Rev. Stat. ch. 110, §§ 2–413, 15–105 (1981).

**6.** Defendants have cited an unpublished opinion which holds that Illinois law permits an action to proceed although unknown owners and non-record claimants are not properly

question rule 19(a) asks is whether complete relief can be accorded among those already parties without joining the absent parties. The parties appear to agree that complete relief can be accorded. There is no dispute that, given plaintiff's title insurance commitment, the title the purchaser would receive if a judgment of foreclosure is entered in this case would be fully marketable so that plaintiff is fully protected by its ability to assure that the mortgaged property will fetch its full market price at the sale.[7] Nor is there any contention that defendants' ability to protect their interests will be in any way compromised if the absent parties are not joined.

Thus, this case devolves onto the second question rule 19(a) poses, whether the unknown owners and non-record claimants have interests such that the disposition of this case in their absence will impair their ability to protect their interests or subject any party to a risk of multiple or inconsistent liability.[8]

■ The only interest in the mortgaged property which unknown owners and non-record claimants have is their right to redeem the mortgaged property.[9] While it is true that under Illinois law redemption rights may be barred even where the non-record claimants are not named as defendants, this may only be done where plaintiff submits an appropriate affidavit to the clerk of court and notice by publication against non-record claimants is had. *See* Ill.Rev.Stat. ch. 110, §§ 15–105 to 06 (1981).[10] Plaintiff assures us that it has not

served by publication and brought before the court. *Sterling Sav. & Loan v. Giampa,* No. 54573 (Ill.App.Ct. Nov. 15, 1971). An abstract of the decision is published at 2 Ill.App.3d 303, 276 N.E.2d 142. However, that case merely decides a question under state joinder law. Joinder questions under rule 19 are governed by federal law in diversity cases. State law is relevant in determining what interest the absent party has, but the question whether, given the state-defined interest, the federal court may proceed in the absence of the outsider to the case is one of federal law. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968).

7. Nor is there any contention that a "marketable" title is not good enough, that only a "perfect" title will do. It is true that the marketability of the title might be impaired if a judgment of foreclosure issues in this case and subsequent to the foreclosure sale the mortgagor exercises its right of redemption. At that time, the mortgagor will have to pay the full market price paid at the foreclosure sale for the property. Yet it may find itself unable to insure the title it obtains against the claims of all non-record claimants, since title insurance companies generally will not insure against clouds on title of which the insured party was aware, and the mortgagor may well have been aware of the existence of non-record claimants, particularly judgment creditors. As a result, the mortgagor will have been forced to pay the price of a fully marketable title, while receiving a title that is less than fully marketable. However, this problem may not mean that the mortgagor cannot obtain complete relief without joinder of the non-record claimants. As to claimants of which the mortgagor was aware,

the mortgagor can protect itself by identifying them at this juncture, and moving that they be joined. Since the mortgagor may be unable to insure against their claims, their joinder might very well be required under rule 19(a). If the mortgagor does not identify these claimants and move for their joinder at this juncture, it has only itself to blame if problems later emerge. In any event, defendants here do not argue that the mortgagor's interests are not protected unless the absent parties are joined. Thus this issue need not be decided.

8. Defendants do suggest that the price of the mortgaged property at the foreclosure sale may be affected by the "cloud" on title created by the unknown owners and non-record claimants. However, since the title company has fully insured against this risk, it will not be borne by the purchaser and hence should not affect the price. At best, this risk may have a marginal effect on the price of title insurance. Defendants do not argue that a marginal increase in the cost of title insurance which plaintiff is fully willing to bear constitutes "incomplete relief" within the meaning of rule 19(a).

9. At least defendants do not contend that they have any other interest in the mortgaged property. The scope of the rights of redemption is contained in Ill.Rev.Stat. ch. 110, §§ 12–122 to 83 (1981).

10. In addition to these procedures, unknown owners may also be made parties by filing the prescribed affidavit and issuing service by publication under Ill.Rev.Stat. ch. 110, §§ 2–206 to 07, 2–413 (1981). *See Uptown Fed. Sav. & Loan Ass'n v. Vasavid,* 94 Ill.App.3d 531, 49 Ill.Dec. 811, 418 N.E.2d 831 (1981). However,

filed the prescribed affidavit nor caused the required service to be had.[11] Accordingly, the statutory requirements for barring the right of redemption have not been fulfilled, and the rights of redemption held by the absent parties will be unaffected by this action. There is a long line of cases holding that where persons holding rights of redemption have not been properly served and brought before the court, their rights of redemption are unaffected by the decree of foreclosure. *See Elieff v. Lincoln Nat. Life Ins. Co.,* 369 Ill. 408, 17 N.E.2d 47 (1938); *Rodman v. Quick,* 211 Ill. 546, 71 N.E. 1087 (1904); *Rose v. Walk,* 149 Ill. 60, 36 N.E. 555 (1894); *Dunlap v. Wilson,* 32 Ill. 517, 524–25 (1863); *Ohling v. Luitjens,* 32 Ill. 23, 30–31 (1863); *Bradley v. Snyder,* 14 Ill. 263 (1853). *See also Callner v. Greenburg,* 376 Ill. 212, 214–15, 33 N.E.2d 437, 438–39 (1941).[12] Thus, the decree of foreclosure will not bind the unknown owners and non-record claimants. There will have been no "foreclosure" as to them, and hence their ability to assert whatever liens they may have on the property as well as their rights of redemption will be unaffected by the judgment in this action.[13]

■ Because there will be no judgment of foreclosure as to the unknown owners and non-record claimants and hence no effect on their interest in the mortgaged property, this action will not impair their ability to assert their interests and hence

plaintiff has not complied with these procedures for binding absent parties.

**11.** Our publication order of September 30, 1982, entered at plaintiff's behest, did provide for publication of notice to "unknown owners and non-record claimants." We trust that this notice never was given.

**12.** There is a line of cases holding that where a defect in title is not apparent from the face of the record and a bona fide purchaser has come into the chain of title, the title cannot be attacked on the ground that it resulted from a void foreclosure proceeding. *See, e.g., Janove v. Bacon,* 6 Ill.2d 245, 249, 128 N.E.2d 706, 708 (1955); *Greenwald v. McCarthy,* 402 Ill. 135, 140–41, 83 N.E.2d 491, 493–94 (1948); *Espadron v. Davis,* 380 Ill. 199, 201, 43 N.E.2d 962, 963 (1942); *Uptown Fed. Sav. & Loan Ass'n v. Brown,* 74 Ill.App.3d 901, 908, 30 Ill.Dec. 538, 543, 393 N.E.2d 574, 579 (1979); *Longstreet v.*

they need not be joined as defendants. *See McCulloch v. Glasgow,* 620 F.2d 47 (5th Cir.1980); *Holt v. King,* 250 F.2d 671, 674–75 (10th Cir.1957); *Skelly Oil Co. v. Wickham,* 202 F.2d 442, 446 (10th Cir.1953); *Chance v. Buxton,* 170 F.2d 187 (5th Cir. 1948); *Thompson v. Tualatin Hills Park and Recreation District,* 496 F.Supp. 530, 538 (D.Or.1980). This suit may proceed as an in personam action that will bind only the named parties. As one court put it,

A suit to foreclose a mortgage is a proceeding to determine the existence, extent and priority of a mortgage lien and to obtain the sale of the real property pledged to secure its satisfaction. As a general rule, a junior lienor or mortgagee is not a necessary party to a foreclosure proceeding in order to confer jurisdiction upon a court to enter a judgment foreclosing a mortgage. A junior mortgagee is made a party to a foreclosure proceeding in order to determine his legal rights in the mortgaged property, to bind him to the decree of the court, and to cut off his equity of redemption, or his right of statutory redemption. Accordingly, a junior mortgagee is a limited participant in a foreclosure action.

*United States v. Scholnick,* 606 F.2d 160, 165 (6th Cir.1979) (footnote and citations omitted). Here plaintiff does not seek to determine the rights of unknown owners and non-record claimants in the mortgaged

*Morey,* 49 Ill.App.3d 720, 723, 7 Ill.Dec. 441, 443–44, 364 N.E.2d 602, 604–05 (1977). Here, however, the defect will be apparent from the face of the record; the judgment will not reflect the requisite notice to unknown owners and non-record claimants, nor will it indicate that it binds them. To ensure this, we think it wise for plaintiffs to include language indicating that the judgment is without prejudice to the rights of unknown owners and non-record claimants in any draft decree they may submit. The deed conveyed at the foreclosure sale should also reflect this fact.

**13.** In light of our view of Illinois law, we need not decide whether Illinois could deprive unknown owners and non-record claimants of their interests in mortgaged property as the result of a proceeding to which they were not made parties consistent with due process.

property, bind them to the decree of the court, or cut off their rights of redemption. Hence there is no need to join them as defendants.

Defendants also argue that even if unknown owners and non-record claimants will not be bound by a decree of foreclosure, they will be affected by the lis pendens notice plaintiff has filed with respect to the mortgaged property. The lis pendens statute provides,

> Every ... suit seeking equitable relief, affecting or involving real property shall, from the time of the filing in the office of the recorder of deeds in the county where real estate is located of a notice ... setting forth the title of the cause, the parties to it, the court where it was brought and a description of the real estate, be constructive notice to every person subsequently acquiring an interest in or a lien on the property affected thereby, and every such person and every person acquiring an interest or lien as aforesaid, not in possession of the property and whose interest or lien is not shown of record at the time of filing such notice, shall, for the purposes of this Act, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto.

Ill.Rev.Stat. ch. 110, § 405 (1981). Defendants argue that this language indicates that unknown owners and non-record claimants will be bound by the judgment in this case.

There are two flaws in defendants' argument. First, the statutory language indicating that non-record claimants "shall be bound by the proceedings" applies only to "such persons" and "every person" who acquires an interest in the land "as aforesaid." Looking at the "aforesaid" language, the statute is limited to "every person *subsequently* acquiring any interest in or a lien on the property." This language indicates that the statute does not apply to unknown owners and non-record claimants who have an interest in the property as of the date the complaint was filed, but only to those who acquire an interest *after* the lis pendens notice is filed. Indeed, cases construing the statute uniformly state that its purpose is to prevent a defendant from transferring property before his creditor can obtain a judgment on the property, by binding subsequent purchasers to the judgment. *See O'Laughlin v. City of Chicago,* 65 Ill.2d 183, 192–93, 2 Ill.Dec. 305, 310, 357 N.E.2d 472, 477 (1976); *Davidson v. Dingeldine,* 295 Ill. 367, 129 N.E. 79 (1920); *Harding v. American Glucose Co.,* 182 Ill. 551, 641–42, 55 N.E. 577, 607–08 (1899), *writ of error dismissed,* 187 U.S. 651, 23 S.Ct. 841, 47 L.Ed. 349 (1902); *Admiral Builders Corp. v. Robert Hall Village,* 101 Ill.App.3d 132, 135–37, 56 Ill.Dec. 627, 630–31, 427 N.E.2d 1032, 1035–36 (1981); *Taylor v. Lanahan,* 73 Ill.App.3d 829, 29 Ill.Dec. 868, 392 N.E.2d 425 (1979); *Stavros v. Karkomi,* 39 Ill. App.3d 113, 124–25, 349 N.E.2d 599, 607–08 (1976).[14] Because the statute only binds

---

**14.** A representative discussion is found in *Admiral Builders.*

"Lis pendens" means a pending suit. Under the common law doctrine, and as originally codified by Illinois statute in 1917, anyone who purchased or otherwise acquired an interest in property involved in litigation took such interest subject to the outcome of the litigation as if he had been a party thereto from the outset. The mere filing of a complaint served as constructive notice to any subsequent purchaser that such property was subject to pending litigation.

Binding a subsequent purchaser of property to the outcome of litigation of which he may have had no notice was considered by the courts a harsh rule. In 1963 the Illinois legislature acted to relieve the burden placed

upon third party purchasers and amended the 1917 statute to provide that the lis pendens doctrine does not take effect until notice of a pending lawsuit is filed .... Upon such filing, subsequent purchasers are charged with constructive notice of the underlying proceedings ....

One purpose of lis pendens is the avoidance of endless litigation of property rights precipitated by conclusively binding one who obtains an interest in the property during the pendency of a suit affecting it to the result of that litigation as if he had been a party from the outset. In this respect the filing of a lis pendens notice is designed to protect a plaintiff from third persons who might acquire, during the pendency of litigation, interests in the subject matter of the litigation such as would preclude the court from granting

those who acquire an interest in property *after* the filing of the lis pendens notice,[15] defendants' argument at most would not require dismissal of the action, but merely joinder of subsequent purchasers. This joinder would not destroy diversity jurisdiction under § 1332(a)(1), since diversity is measured solely by the facts as they exist at the moment the suit is first brought and not at some later time. *E.g., Smith v. Sperling,* 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed.2d 1205 (1957). By definition, subsequent purchasers do not exist at the moment suit is brought. Hence the fact that purchasers affected by the lis pendens statute may subsequently come into existence and hence become parties does not mean that their joinder could destroy federal jurisdiction. This action need not be dismissed in order to resolve the lis pendens problem defendants raise.[16]

Second, defendants fail to demonstrate how joinder of the unknown owners and non-record claimants would improve their ability to protect their interests "as a practical matter." Lis pendens operates to bind subsequent purchasers irrespective of the merits of plaintiff's foreclosure action; un-

known owners and non-record claimants will be considered subsequent purchasers and hence holders of junior liens by operation of law, irrespective of what occurs in this action. *See Allen & Korkowski & Associates v. Pettit,* 108 Ill.App.3d 384, 64 Ill.Dec. 173, 439 N.E.2d 102 (1982).[17] Thus, the subsequent purchaser's presence as a party to the lawsuit is entirely irrelevant for purposes of lis pendens; he is bound by the terms of the foreclosure decree in any event. The presence of subsequent purchasers as parties is simply immaterial to the operation of the lis pendens statute. *See, e.g., Harding v. American Glucose Co.,* 182 Ill. 551, 641–42, 55 N.E. 577, 607–08 (1899), *writ of error dismissed,* 187 U.S. 651, 23 S.Ct. 841, 47 L.Ed. 349 (1902); *Norris v. Ile,* 152 Ill. 190, 205, 38 N.E. 762, 766 (1894); *Stavros v. Karkomi,* 39 Ill.App.3d 112, 124–25, 349 N.E.2d 599, 607–08 (1976).[18] Because joinder would not assist subsequent purchasers in protecting their rights against the operation of lis pendens, they need not be joined as defendants. *See Delta Drilling Co. v. Arnett,* 186 F.2d 481, 487–88 (6th Cir.1950), *cert. denied,* 340 U.S. 954, 71 S.Ct. 574, 95 L.Ed. 688 (1951).[19]

---

plaintiff the requested relief. Another less widely recognized purpose of the doctrine is to protect purchasers by giving them notice that the land which they are buying might be affected by a judgment later entered in a pending action, by which they would be bound.

101 Ill.App.3d at 135–37, 56 Ill.Dec. at 630–31, 427 N.E.2d at 1035–36 (citations omitted).

**15.** On August 4, 1982, plaintiff caused lis pendens notices to be recorded with the Recorder of Deeds for Cook County, Illinois.

**16.** We will permit plaintiff to amend its complaint to name subsequent purchasers as defendants.

**17.** Of course, if the case is resolved by a judgment in favor of defendants, the interest in the property that plaintiff acquired by virtue of the lis pendens statute is dissolved.

**18.** The only way subsequent purchasers can escape the effect of lis pendens is if defendants prevail in this action. Defendants do not argue that their own incentive to litigate this case to a successful conclusion does not adequately protect the interests of subsequent purchasers. Indeed, even if subsequent purchasers were joined, it is doubtful that they would have

standing to assert whatever defenses defendants may have. Thus, joinder would not help them in asserting the only defense subsequent purchasers have against lis pendens, since that defense, in reality, does not belong to subsequent purchasers.

**19.** Purchasers of property involved in a pending suit may be admitted as parties, in the discretion of the court; but they cannot demand, as of absolute right, to be made parties, nor can they complain if they are compelled to abide by whatever decree the court may render, within the limits of its power, in respect to the interest their vendor had in the property purchased by the *pendente lite.* As said by Sir William Grant, in *Bishop of Winchester v. Paine,* 11 Ves. 194, 197, "the litigating parties are exempted from the necessity of taking any notice of a title so acquired. As to them, it is as if no such title existed. Otherwise, such suits would be indeterminable; or, which would be the same in effect, it would be in the pleasure of one party at what period the suit should be determined."

*Mellen v. Moline Malleable Iron Works,* 131 U.S. 352, 371, 9 S.Ct. 781, 787, 33 L.Ed. 178 (1889) (citations omitted).

Because unknown owners and non-record claimants need not be joined for them to protect their interests in the mortgaged property, the first test set out in rule 19 for whether joinder is necessary is not satisfied. The second test is whether those already parties would be subjected to any risk of multiple liability if there is not joinder. The risk defendants point to is that the unknown owners and non-record claimants will one day come forward and attack the title of the purchaser at the foreclosure sale. However, a judgment favorable to them would be in no way inconsistent with any decree of foreclosure that might be entered in this case, since that decree will not adjudicate the rights of unknown owners and non-record parties. Moreover, the title insurance company is willing to fully insure against this "risk," so any liability to unknown owners or non-record claimants will not be borne by the purchaser at the foreclosure sale; he or she will be fully protected.

In sum, because nonjoinder of unknown owners and non-record claimants will not impair their ability to protect their interests or expose any party to a risk of multiple liability, while at the same time permitting the court to provide the parties with complete relief, they need not be joined. The limits of our holding should be emphasized. We hold only that where plaintiff has not complied with the statutory procedures for binding unknown owners and non-record claimants to a decree of foreclosure, and where a marketable title can be obtained despite plaintiff's willingness not to bind them to the decree of foreclosure, unknown owners and non-record claimants need not be joined as defendants. Moreover, because plaintiff has dismissed unknown owners and non-record claimants, and because they will not be bound by any decree that may be issued in this case, we need not decide whether, had plaintiffs joined or attempted to bind unknown owners and non-record claimants, or had we held that their joinder was necessary under rule 19(a) and ordered plaintiff to join them, their joinder would destroy federal jurisdiction over this case as was held in *Fifty Associates v. Prudential Insurance Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970).[20] We also need not decide whether, had we held unknown owners and non-record claimants to be necessary parties under rule 19(a), they would also be indispensable parties under rule 19(b).

Plaintiff's motion for reconsideration is granted. On reconsideration, defendants' motion to dismiss the case for lack of subject matter jurisdiction or, in the alternative, for failure to join an indispensable party is denied. Counts I and III of the amended complaint are reinstated. Plaintiff's motion for summary judgment to be briefed pursuant to schedule entered this date.

---

**20.** Our colleague Judge Shadur has held that the joinder of unknown owners and non-record claimants destroys federal jurisdiction, follow-ing *Fifty Associates. See John Hancock Mut. Life Ins. Co. v. Central Nat'l Bank in Chicago*, 555 F.Supp. 1026 (N.D.Ill.1983).